516 P.2d 132 (1973)
Duane E. CHRISTIAN, Petitioner-Appellee,
v.
Mark Avle RANDALL, formerly known as Gay Christensen Christian, Respondent-Appellant.
No. 73-100.
Colorado Court of Appeals, Div. I.
November 13, 1973.
Brooks, Miller, Lincoln & Brooks, Theodore L. Brooks, Montrose, for petitioner-appellee.
Sheldon, Bayer, McLean & Glasman, George M. Allen, Denver, for respondent-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Duane Christian filed a petition in the District Court of Delta County seeking custody of his four daughters who were then in the custody of respondent, his former wife, pursuant to a 1964 Nevada divorce decree. The trial court granted the petition, and the respondent appeals from that judgment. We reverse.
*133 The parties to this action were married in 1953, and four daughters were born of the marriage. The children lived with the respondent continuously following the divorce, having resided in Colorado for six years at the time this action was brought. On September 27, 1972, after a hearing upon the petition, the trial court awarded custody of the girls to the petitioner, a Nevada resident.
The issues in this appeal are whether there was sufficient evidence before the trial court to support its conclusion that it would be in the best interests of the children to transfer custody from the respondent to the petitioner and whether in so doing the trial court abused its discretion.
In reviewing an order affecting the custody of a child, appellate courts will make every reasonable presumption in favor of the action of the trial court. Searle v. Searle, 115 Colo. 266, 172 P.2d 837. We are always reluctant to disturb rulings of the trial court in custody matters, absent circumstances clearly disclosing an abuse of discretion. Coulter v. Coulter, 141 Colo. 237, 347 P.2d 492. In the present case, however, our review of the record persuades us that, there being no evidence to support its conclusion, the trial court clearly abused its discretion. Under such circumstances the order cannot be allowed to stand. Bird v. Bird, 132 Colo. 116, 285 P. 2d 816.
The applicable statute, 1971 Perm. Supp., C.R.S.1963, 46-1-31(2)(a), provides, "The court shall not modify a prior custody decree unless it finds ... that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." Thus, a mere change of circumstances alone is insufficient to justify a change of custody. See Coulter v. Coulter, supra.
Section 46-1-31(2)(a) further dictates that, in applying the above standards:
"[T]he court shall retain the custodian established by the prior decree unless:... (d) The child's present environment endangers his physical health or significantly impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." (emphasis supplied)
Further, 1971 Perm.Supp., C.R.S.1963, 46-1-24(1), provides:
"(a) ... In determining the best interests of the child, the court shall consider all relevant factors including:
(b) The wishes of the child's parent or parents as to his custody;
(c) The wishes of the child as to his custodian;
(d) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;
(e) The child's adjustment to his home, school, and community; and
(f) The mental and physical health of all individuals involved."
The record contains no evidence that the environment of respondent's home in Colorado endangered the children's physical health or impaired their emotional development. On the contrary, the evidence shows that the children were happy, healthy, well-adjusted children who were doing well in school and who were active in community activities.
The evidence included a letter from the school principal to the petitioner stating that he was well acquainted with the children and that he thought they were "wonderful" and that the older three girls (ages 11, 13 and 16) who were in his school ranked "very high on our Iowa Tests of Basic Skills."
The investigative report prepared for the court by the Delta County Family and Children's Services stated:
"All of the girls have good report cards. Also each one has various special achievement awards such as art, music, etc. The oldest girl, Lou Ann, was elected Cherry Queen. All of the girls *134 have many friends and enjoy school immensely."
. . . . . .
"Conclusions

From my interview with this family it would appear that all of the girls are being well cared for and provided with the necessities of life. Also there are no indications of any emotional or social retardation as a result of their home life for any of the children in this family. There appears to be a close and warm relationship between all of the children and between the children and the adults."
1971 Perm.Supp., C.R.S.1963, 46-1-31(2) (d) recognizes that a modification of custody is likely to result in some harm to the child involved. At the hearing two experts testified that it would be traumatic for the children to leave a happy home where they were well adjusted. The evidence failed to show that the anxiety and confusion created by a change of custody would be outweighed by any advantages to the children resulting from such a change.
In its order at the close of the hearing the court found that respondent was "going through a transsexual change" and based its conclusion that a change of custody would be to the best interest of the children solely on that ground. The evidence shows that, subsequent to the 1964 divorce, the respondent has been going through a transsexual change from female to male, that the respondent's name was legally changed from Gay Christensen Christian to Mark Avle Randall, and that subsequent to the filing of the petition respondent married a woman. 1971 Perm.Supp., C.R.S.1963, 46-1-24(2), specifically directs that, in determining best interests, "The court shall not consider conduct of a proposed custodian that does not affect his relationship with the child." (emphasis supplied) The record discloses that the above circumstances did not adversely affect respondent's relationship with the children nor impair their emotional development.
In expanded findings made after a hearing on respondent's motion for new trial the court found that respondent had suffered financial reverses. There was no showing, however, that respondent's income from earnings and support was inadequate to provide for the children.
The earlier financial reverses and the status of the respondent are not sufficient grounds for changing custody in view of the uncontradicted evidence of the high quality of the environment and home life of respondent and the children. "Ordinarily, if findings are supported by competent evidence, they will not be disturbed by the reviewing court, but if erroneous principles of law were applied to the facts, judgment rendered on such facts will not be upheld on review." American National Bank of Denver v. Christensen, 28 Colo.App. 501, 476 P.2d 281.
The court further stated that, from testimony of the children in the courtroom and separate interviews in chambers, it was concerned because there was an indication that the older two girls were mentally disturbed. This concern of the court is not justified by the record. First, the record does not disclose that any testimony by the children was taken in the courtroom. Second, the interviews with the four girls indicate no abnormality whatsoever, but only a sincere desire to remain with respondent, on lucid, logical bases.
We recognize that a trial court need not accept at face value all of the evidence introduced in a proceeding; however, when there is no evidence to support a finding or conclusion and such finding or conclusion is manifestly against the weight of the evidence, it cannot be permitted to stand.
In Anderson v. Cold Spring Tungsten, Inc., 170 Colo. 7, 458 P.2d 756, the Supreme Court said,
"In reviewing such issues of fact, this Court has taken the position that it will not set aside the findings of the trial judge where they are sustained by competent and adequate evidence, amply appearing from the record.... But such restraint in no way limits the power of this Court to reject the findings and *135 conclusions of the trial judge where they are not supported by any evidence in the record or where the law has not been applied correctly."
The judgment of the trial court is reversed, and the cause is remanded with directions to enter an order denying the petition for modification of custody.
COYTE and RULAND, JJ., concur.