531 P.2d 995 (1975)
In re the MARRIAGE OF Ida M. MOORE, Petitioner-Appellant, and
Charles R. Moore, Respondent-Appellee.
No. 74-257.
Colorado Court of Appeals, Div. II.
February 4, 1975.
*996 Asher, Kraemer & Kendall, James G. Felt, Colorado Springs, for petitioner-appellant.
No appearance for respondent-appellee.
Selected for Official Publication.
STERNBERG, Judge.
This appeal arises from a dissolution of marriage proceeding. The wife contends that the court abused its discretion in awarding custody of the two young children to the husband, and in its division of property. We reverse.
The parties were married in December 1966, and two children, both boys, were born in 1968 and 1970. The husband, an army officer, was absent for much of the time the children were infants. Thus, of necessity, the children were cared for almost exclusively by the mother during that time. Marital difficulties arose and, in July 1973, the wife filed a petition for dissolution of marriage. The husband joined in the request that the marriage be dissolved. Both parties asked for custody of the children, and after a hearing in August 1973, the court awarded their temporary custody to the mother.
At the time of the hearing on temporary orders, the wife was living with another man, and the court expressed its strong concern over the impact of such fact upon the well-being of the children, and warned the wife that:
"[I]f you are presently keeping company with a manand I say ifin the premises where the children are located, I strongly suggest to you at this time you completely cease from this conduct because if it continues and is brought to my attention under appropriate circumstances, you may rest assured the children will not remain with you any longer.. . . I will not tolerate the children living in an immoral situation and I cannot be as emphatic enough about this."
The wife and her male friend then stopped living in the same home for approximately three months, but at the time of the hearing on permanent orders, they were again living together with the children.
At the time of the hearing on permanent orders in March 1974, the testimony of several witnesses, including the parties, was presented on the custody issue. The El Paso County Department of Public Welfare had previously conducted an investigation on that issue and recommended that custody be placed in the wife. While awarding custody to the husband, the court specifically stated that:
"[E]xcept for conduct by [the wife] in becoming and continuing to be involved in an adulterous situation, wherein the children of the marriage are residing in such situation, that the petitioner is a qualified parent and is otherwise a fit and proper person to have custody of said children."
The court also noted that it had admonished the mother about her life style at the time of the temporary orders hearing, and further concluded:
"[T]hat such adulterous conduct in the opinion of the Court constitutes conduct of the temporary custodian of the children that can and does affect the parties' *997 relationship to the children, and that such conduct is immoral, and that such conduct reflects upon the mental and physical well-being of the children and in fact is detrimental to the mental well-being of said children."

I.
From our reading of the lengthy record in this case, it is apparent that there was no evidence adduced indicating that the conduct characterized by the court as adulterous was having any effect upon these young children. There was testimony that the wife was living with another man in his home with the children, and that while they were not married, they intended to marry. There was no testimony of overt sexual conduct in the presence of the children. The welfare department's report and recommendation that custody be given to the wife was made with full knowledge of the above facts.
The General Assembly has directed that in determining child custody the court shall not consider conduct of a proposed custodian that does not affect the children. Section 14-10-124, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-24). The quoted portions of the court's admonition to the mother and its language in the permanent order indicate that the court did not follow the mandate of the statute in its award of custody. Rather, it inferred, without any evidence in the record to serve as a basis for such inference, that the wife's conduct in living with a man to whom she was not married, and in failing to heed the judge's admonition in that regard, was detrimental to the welfare of the children and was, therefore, in and of itself sufficient to disqualify her as the custodian of the children. While it is not our function either to approve or disapprove of the wife's conduct, we do hold it to be an abuse of discretion for the trial court to impose its own standard in this regard in the face of the clear, and mandatory language of the statute. See Christian v. Randall, 33 Colo.App. 129, 516 P.2d 132.

II.
In regard to the wife's contention that the court erred in its division of property, the record reflects that, upon his mandatory separation from the U.S. Army, the husband received $15,000 in lieu of retirement benefits. Of this sum, $12,000 remained after a deduction for taxes. This money constitutes marital property subject to distribution under the terms of § 14-10-113, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 46-1-13). The court found that some of this money had been used for payment of marital debts and expenses. No specific finding was made as to how much of this money was used to pay marital debts and expenses, and how much remained. In the division of the other property, the wife received most of the furniture, all household items and all appliances including a stove, refrigerator, washer and dryer, while the husband received the stereo system, a bar, a desk and a 1969 Porsche automobile. There was no real estate involved. The $12,000 payment was, therefore, a significant portion of the marital property, and the court erred in not determining the specific amount remaining and in not at least considering the money in arriving at its order for the division of property.
That part of the judgment awarding custody of the children to the husband is reversed, and the cause remanded for consideration of the issue of child support raised by this reversal. That part of the judgment ordering the division of property is also reversed, and the cause remanded for further proceedings not inconsistent with this opinion.
ENOCH and PIERCE, JJ., concur.