

Theodore P. Kaplysh, Denver, for appellee.

James D. Evans, Aurora, for appellant.

ENOCH, Chief Judge.

Harris B. Miller, father, appeals from the judgment of the trial court awarding custody of the parties' seven-year-old daughter, Theresa, to Imelda L. Miller, mother. We reverse.

In October 1980, dissolution proceedings were instituted in Douglas County, and in December 1980, father was awarded temporary custody of the parties' five children. A decree of dissolution of marriage was entered in November 1981, with the issues of custody, visitation, and support reserved for a later determination. A hearing in October 1982 addressed only the issue of custody, again reserving for later determination the questions of support and visitation.

In re the MARRIAGE OF Imelda L. MILLER, Appellee,

and

Harris B. Miller, Appellant.

No. 83CA0110.

Colorado Court of Appeals, Div. I.

Sept. 22, 1983.

At the outset of this hearing, the parties stipulated that mother would have custody of the two oldest sons, ages 16 and 17, and father would have custody of the youngest son and older daughter, ages 12 and 14. Custody of Theresa, their youngest child, was in dispute.

In addition to the testimony of the parties, the attorney appointed, pursuant to § 14–10–116, C.R.S.1973, to represent the interests of the children presented his findings, and the court received into evidence the custody evaluations prepared by the Douglas County Department of Social Services. Both the court-appointed attorney and the Department concluded that it would be in the best interests of Theresa to be in the custody of her father.

In awarding custody of Theresa to mother, the court found that, while "it would be nice" for Theresa to live with her father, where she was doing well in school and had siblings and father's new family with whom to interrelate, Theresa wanted to live with her mother. The court noted that father had a hard time "coping" with mother's attempts to win Theresa over from her father, but that mother's actions were the result of her "motherly instincts" which she could not turn off and which the court found "should be blessed and promoted and not coped with." The court found that Theresa's interaction with father's family was "no longer satisfactory," apparently because the mother would "create dissension and discord" in father's family and make it difficult for Theresa to adjust to that home. It therefore concluded that it was not in Theresa's best interests to remain in father's home.

In its order awarding custody of Theresa to mother and approving the parties' stipulation as to custody of their older children, the Douglas County District Court also approved the parties' stipulation to change venue of this action to Denver District Court. Matters of support and visitation remain to be resolved.

Father contends that the trial court abused its discretion in awarding custody of Theresa to mother because the evidence was not sufficient to support that award and because the court improperly considered mother's sex in awarding custody. We agree and conclude that the court's findings do not reflect proper consideration of the statutory factors for an award of custody.

Section 14–10–124(1), C.R.S.1973, sets out the factors to be considered by the court in determining custody: the wishes of the parents; the wishes of the child; the interaction and interrelationship of the child with her parents, her siblings, and any other person who might significantly affect her best interests; the child's adjustment to her home, school, and community; and the mental and physical health of all the parties. In this case, the court determined that Theresa wished to be in the custody of her mother; that both parties desired custody of Theresa; that Theresa had a family with whom to interact and interrelate at her father's home; and that she was doing well in the school she attended while in father's custody. The court also recognized that while father had a stable home situation, mother had no money, no job, was "unsettled in her circumstances in life," and relied on the assistance she was getting from the 16 and 17-year-old sons. The court made no findings as to how Theresa interrelated and interacted with her mother, other than noting her stated desire to live with her mother.

Section 14–10–124(3), C.R.S.1973 (1982 Cum.Supp.), provides that "The court shall not presume that any person is better able to serve the best interests of the child because of the person's sex." In view of the evidence presented, it is apparent that the court gave undue emphasis to "motherly instincts," and made a presumption that the mother was better able to serve the best interests of the child because of her sex, giving her special standing or preference in determining custody. *Rayer v. Rayer*, 32 Colo.App. 400, 512 P.2d 637 (1973). Such a presumption constitutes an abuse of discretion and is reversible error. *See In re Marriage of Moore*, 35 Colo.App. 280, 531 P.2d 995 (1975).

In light of our resolution of the issues above, we do not address father's contention that the trial court abused its discretion by improperly relying upon unrecorded interviews with the parties' children.

In remanding this case, we note that Theresa has been in the physical custody of

her mother since October 1982 and that it might well not be in her best interests to be subjected to yet another change of custody, even though in October 1982, it might have been better for her to have remained with her father and two of her siblings. *See In re Marriage of Lawson,* 44 Colo.App. 105, 608 P.2d 378 (1980). Thus, on remand, the court must make a determination of custody based on current evidence concerning Theresa's present best interests. Until the new determination is made, Theresa should, in the absence of an emergency, remain in the custody of her mother. Section 14–10–124(1), C.R.S.1973. Furthermore, issues as to child support and visitation rights of the noncustodial parent should be resolved at the same time, either by an agreement of the parties adopted by the trial court or, if the parties are unable to agree, by order of the court.

The judgment is reversed and the cause is remanded to the Denver District Court for further proceedings, pursuant to § 14–10–124(1), C.R.S.1973, as soon as possible, consistent with the views expressed herein.

PIERCE and VAN CISE, JJ., concur.