In re the MARRIAGE OF Lynn Marie JARMAN, Appellant,

and

Kenneth Ray Jarman, Appellee.

No. 86CA0626.

Colorado Court of Appeals, Div. I.

Feb. 11, 1988.

Davis, Graham and Stubbs, Anthony J. Shaheen, Denver, for appellant.

No appearance for appellee.

PIERCE, Judge.

Lynn Marie Jarman (mother) appeals the trial court's order reducing her visitation with her children and ordering that she pay child support. We reverse.

## I.

Mother's first contention is that the court erred in restricting her visitation rights. We agree.

■ Section 14–10–129, C.R.S. (1987 Repl. Vol. 6B) provides that a court may not restrict a parent's previously granted visitation rights unless it finds that the visitation would endanger the child's physical health or significantly impair his emotional development. Even a parent who is unfit to be the custodial parent may be entitled to liberal visitation rights. *In re Marriage of McGee*, 44 Colo.App. 330, 613 P.2d 348 (1980).

■ Here, while there was evidence from which the court could infer some instability in the mother, the court did not so find, and it specifically found that she was not a child abuser. While the stability of the environment is a valid consideration in awarding custody, *see* § 14–10–124(1.5), C.R.S. (1987 Repl.Vol. 6B), instability alone is not sufficient to support a restriction on visitation. Because the court made no finding that the instability was so severe that it endangered the child physically or impaired his emotional development, its order can not stand.

## II.

Mother also contends that the court erred when it ordered her to pay support despite a finding that she was financially unable to do so. Again, we agree.

■ At the time of this hearing, provisions of a decree of dissolution with respect to child support could be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. *See* § 14–10–122(1), C.R.S. (now amended effective November 1, 1986). In determining if a decree's support provisions have become unconscionable, the court must consider the criteria set forth in § 14–10–115(1), C.R.S., including the financial resources of the noncustodial parent. *In re Marriage of Hughes*, 635 P.2d 933 (Colo.App.1981).

■ Here, the original decree did not require the mother to make support payments. The only evidence of change in the parents' circumstances was the evidence that father's income had increased. Testimony established that any increase in mother's income was not continuing, and, in fact, the court specifically found that mother did not have the financial ability to pay child support. This evidence, combined with the fact that the court made no findings with respect to changes in the financial circumstances of the children or the parents, mandates a reversal of the child support order.

The trial court's order is reversed, and the cause is remanded with directions that the prior orders with respect to visitation and child support be reinstated.

METZGER and CRISWELL, JJ., concur.