In re the MARRIAGE OF Charles William SEPMEIER, Appellee,

and

Danny Faye Sepmeier, Appellant.

No. 88CA1245.

Colorado Court of Appeals, Div. II.

Oct. 12, 1989.

Charles William Sepmeier, pro se.

Calvin Lee, Glenwood Springs, for appellant.

Opinion by Judge PLANK.

Danny Faye Sepmeier (mother) appeals the order of the trial court denying her motions for modification of visitation and for appointment of an independent evaluator. We reverse.

The parties were divorced on September 28, 1987. Pursuant to a stipulation, Charles William Sepmeier (father) was granted custody of the minor child, Jessica, then age 9. That stipulation provided in pertinent part:

"a. Visitation between Jessica and Faye shall initially be supervised. The frequency and duration and manner of supervision of visits shall be determined by agreement between Jessica's and Faye's mental health professionals.

"b. Visitation shall be unsupervised when Jessica's and Faye's therapists agree in writing that it is no longer necessary for visitation to be supervised.

"c. It is recognized that it is the goal of the parties for Jessica to have unsupervised visitation with Faye every other weekend, one week every other Christmas and 45 days every summer. It is further recognized that this goal and the interim steps towards such goal may be achieved only on agreement of Jessica's and Faye's mental health professionals."

On July 18, 1988, the mother filed a motion to modify visitation. She requested visitation and counseling at regularly scheduled intervals between herself and her daughter. In an attached affidavit, the mother's therapist stated that the mother had been afforded only one supervised visit with the child since the fall of 1987. She also asserted that the child's therapist had resisted the scheduling of any other supervised visitations.

In his response to the mother's motion, the father attached the affidavit of the child's therapist. That therapist reported emotional regression and a display of severe anxiety and reappearance of nervous habits by the child before and after the one visitation which had occurred. She opined that:

"future visitations should be recommended only where significant evaluations of the mother can provide substantive evidence of her being of a rational state of mind in every respect, and of the mother's ability to provide a healthy role model as a mother and responsible adult, and at such time when the child has progressed to the point that she can process and cope with these visitations in such a manner that they will not effect [sic] her physical and emotional health in any negative manner."

She anticipated that the entire process would take from 2 to 5 years. The trial court denied the motion without a hearing.

I.

The mother first asserts that the court abused its discretion in refusing to grant her a hearing on the motion to modify visitation. We agree.

Visitation is a matter for the trial court to resolve within its sound discretion, taking into account the child's best interests. *In re Marriage of Mann*, 655 P.2d 814 (Colo.1982). However, that discretion must be exercised consistent with the express public policy entitling a parent to "reasonable visitation" and encouraging

"frequent and continuing contact between each parent and the minor children of the marriage," § 14–10–124(1), C.R.S. (1987 Repl.Vol. 6B), unless the court finds that visitation "would endanger the child's physical health or significantly impair his emotional development." Section 14–10–129(1), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Velasquez*, 773 P.2d 635 (Colo.App.1989).

In 1987, the General Assembly expressly declared that it is the *child's right* to have determinations of custody based on his or her best interests. Section 14–10–123.4, C.R.S. (1987 Repl.Vol. 6B). Visitation is a part of the determination of custody. *See* § 14–13–103(2), C.R.S. (1987 Repl.Vol. 3B) ("custody proceeding" defined in the Uniform Child Custody Jurisdiction Act); § 14–10–127(1)(a)(I), C.R.S. (1988 Cum. Supp.) (in all "custody proceedings" a report concerning custodial *or visitation* arrangements may be requested); *In re Marriage of McGee*, 44 Colo.App. 330, 613 P.2d 348 (1980).

 It is the well-being of the child, rather than reward or punishment of a parent, that must guide every aspect of a custody determination including visitation. *In re Marriage of McGee, supra.* Therefore, even a parent who has been found to be unfit to be a custodial parent may be entitled to liberal visitation rights. *In re Marriage of Jarman*, 752 P.2d 1068 (Colo. App.1988). *But cf.* § 14–10–129, C.R.S. (1989 Cum.Supp.) (non-custodial parent convicted of certain crimes has burden of showing visitation is in child's best interest.)

Here, the stipulation regarding custody and visitation was entered into because of allegations that the child had been abused by her mother. Nevertheless, a custody evaluation report, dated August 27, 1987, indicated that although the child "disliked some of her mother's behavior," it was apparent that "Jessica cares deeply about her.... [s]he verbalized a strong desire to be able to continue seeing her mother on an on-going basis. Jessica does have an attachment to her mother that she does not want severed." It also concluded that: "Jessica's mother does have the capacity to offer much to Jessica's healthy development ... she can contribute a great deal to Jessica in a non-custodial parent role."

A second report recommended brief supervised visits until the mother reached the point of accepting responsibility for the abuse. A third report concluded from interactional evaluations that the child was not fearful of her mother but, rather, gained much nurturing from the contact with her and longed to end the confusion she felt concerning her mother's parenting. It found that Jessica was emotionally bonded to her mother and that her best interests would be served by having a continuing and intensive relationship with her mother.

If the evidence shows a lack of cooperation between the parties or, as here, between the therapists for the child and for the mother, a general visitation order does not meet the purposes for which visitation is intended and is, in essence, a nullity. *See In re Marriage of Plummer*, 709 P.2d 1388 (Colo.App.1985).

 Therefore, adequate cause for a hearing was established, and the court should have set a date for a hearing to show cause why the requested modification should not be granted. Section 14–10–132, C.R.S. (1987 Repl.Vol. 3B). Accordingly, this matter will be remanded for such hearing.

II.

The mother also asserts that the court abused its discretion in denying her motion for appointment of an evaluator pursuant to § 14–10–127, C.R.S. (1988 Cum.Supp.). Although both parties mislabel the requested evaluation as a "supplemental evaluation," we address this issue since it may arise upon remand.

The provisions regarding custody evaluations were amended in 1988, *see* Colo.Sess. Laws 1988, ch. 105 at 639–42, at which time the provisions regarding a supplemental evaluation were added. Also added was the express provision recognizing that an evaluation in a custody proceeding could concern visitation arrangements.

The mother's motion for an evaluator was a request for a "report concerning custodial or visitation arrangements," which the court must grant unless the motion is made for delay, rather than a request for "another mental health professional to perform a supplemental evaluation," which also must be granted unless one of five enumerated exceptions apply. Section 14–10–127(1)(a)(I), C.R.S. (1988 Cum.Supp.).

In either case, the language that "the court shall" order an evaluation or a supplemental evaluation is mandatory unless the express exceptions apply. *See In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988). In order to insure effective and meaningful appellate review, the trial court must make specific findings to support its denial of any requested evaluation. *See In re Marriage of Fleet*, 701 P.2d 1245 (Colo.App.1985).

Beginning January 1, 1990, a person will not be allowed to testify regarding a custody or visitation evaluation unless the witness is qualified, by training and experience, in such areas. *See* §§ 14–10–127(1) and (4), C.R.S. (1988 Cum.Supp.). Thus, to consider as a "supplemental evaluation" any evaluation that is not the very first one among the parties involved would seriously limit the trial court's access to expert analysis regarding the various psychological and emotional issues important to fulfilling the child's best interest.

Here, father concedes that the reports that were made in August 1987 and September 1987 were limited to an assessment whether the child had been abused by her mother. However, the current issue before the court is a modification of visitation. More current and up-to-date information than that obtained then, now over 2 years ago, would be relevant to the court.

Thus, the court is directed on remand to order an initial evaluation, if requested by either party and not made for the purpose of delaying the proceedings. Of course, another supplemental evaluation, if requested, may be denied if any of the circumstances set forth in the statute apply.

The order is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

SMITH and HUME, JJ., concur.