**In re the Marriage of Michael GIBSON, petitioner, Appellant,**

v.

**Kathi GIBSON, Respondent.**

**No. C8-90-2385.**

Court of Appeals of Minnesota.

June 11, 1991.

Review Denied Aug. 12, 1991.

Rodney Otterness, Legal Aid Service of N.E. Minnesota, Timothy L. Aldrich, Grand Rapids, for petitioner, appellant.

Ellen Tholen, Anderson Law Office, Grand Rapids, for respondent.

Considered and decided by FORSBERG, P.J., and CRIPPEN and KLAPHAKE, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Michael Gibson contends the trial court erred in finding that any integration of the parties' child in his home was without the actual consent of respondent. Appellant further claims that the trial court abused its discretion in deciding the child's best interests are served by the present custodial placement with respondent. We affirm.

## FACTS

A February 1989 decree, premised on a stipulation of the parties, placed their four-year-old daughter under joint legal custody but in the physical care of respondent Ka-

thi Gibson. In late 1988, respondent transferred physical care of the child to appellant. The child remained with her father for approximately 17 months.

In May 1990, appellant moved for modification of the custody decree. Gibson alleged that the child had been integrated into his family with her mother's consent and that it was in the child's best interests to live with him. Respondent contended that her surrender of custody of the child was compelled by desperate financial circumstances caused in part by appellant's conduct. Respondent said she was currently able to care for the child.

The trial court found the child had been "somewhat" integrated into appellant's family, but that integration did not occur with respondent's consent. The court determined the change of residence was expected to be temporary and was forced on respondent by the economic problems she confronted when appellant moved to another state and furnished only $230 per month for support. In addition, the trial court found it was in the child's best interests to remain in the custody of respondent. The court made supplementary findings on each of the statutory best interest factors.

### ISSUES

1. Did the trial court err in refusing to modify custody on the ground that respondent's consent to place the child with appellant was prompted by her personal hardship?

2. Did the trial court err in concluding that the child's best interests are served by continuing placement with respondent?

### ANALYSIS

1. Under Minn.Stat. § 518.18(d) (1990), the trial court could not modify a prior custody order unless it found (1) a change in circumstances had occurred; (2) a modification was necessary to serve the child's best interests; and (3) one of the following conditions existed: (a) the custodian agreed to the modification; (b) the child was integrated into the family of appellant with respondent's consent; or (c) the child's present environment endangered her physical or emotional health or impaired her emotional development, and the advantages of a change outweighed the harm it would likely do to the child. Minn.Stat. § 518.-18(d)(i), (ii) & (iii) (1990); *see Durkin v. Hinich,* 442 N.W.2d 148, 152 (Minn.1989) (applying analysis).

■ The Minnesota statute on integration is based on a provision in the Uniform Marriage and Divorce Act. Comments to the Uniform Act indicate the consent requirement is meant to discourage noncustodial kidnapping. *See* Unif. Marriage & Divorce Act § 409, 9A U.L.A. 628–29 (1987) (comments). The consent requirement has a narrow purpose and should be viewed in that context. *See In re Custody of Stearns,* 84 Ill.App.3d 195, 198, 39 Ill. Dec. 704, 706, 405 N.E.2d 457, 459 (1980). It follows that if the child has been integrated into the life of another family, consent for the occurrence will normally exist in the absence of kidnapping, fraud, or coercion. It is error to examine consent in terms of the custodial parent's subjective intentions. This construction of the statutory standard is supported by remembering that the primary aim of the court is to protect the child's interests, not to secure fairness for the parents.

2. Although the trial court incorrectly analyzed appellant's claim of integration, it also concluded that the best interests of the child would be served by maintaining the original custodial placement with respondent. If this conclusion is sustainable, the court properly denied modification under the three part analysis required by Minn. Stat. § 518.18(d).

■ In determining the child's best interests, the trial court weighs statutory criteria in light of findings on underlying facts, and the court's conclusions will reflect decisions on mixed questions of law and fact, "ultimate" facts, and matters of law. *Maxfield v. Maxfield,* 452 N.W.2d 219, 221 (Minn.1990). Reviewing these conclusions under an abuse of discretion standard, the appellate court should correct misapplications of the law. *Id.* In this regard, "the appellate court should carefully review the

trial court's 'expla[nation of] how the factors led to its conclusions and to the determination of the best interests of the child.'" *Id.* (quoting Minn.Stat. § 518.17, subd. 1 (Supp.1989)).

The detailed findings of the trial court indicate three primary considerations in its placement choice. The trial court found both parties to be generally qualified to provide care for the child; throughout the child's life, except for the 17 months with appellant, respondent had been the primary caretaker; and appellant's circumstances appeared to be unstable because of his numerous moves since 1988 and his current plan to move again from Minnesota to Oregon to attend graduate school.

The trial court's conclusions on the best interests of the child do not indicate an abuse of discretion. The court considered all of the best interest factors defined by the statute and disclosed cogent reasons for preferring placement of the child with respondent.

Appellant contends consideration of the child's primary parental relationship is inappropriate as a matter of law because the child has been with him for 17 months. This is not the case. It was within the trial court's scope of discretion to determine that respondent and the child enjoyed a strong, stable relationship that was not al-tered by the period of care by appellant and should not be sacrificed. Likewise, it was not an abuse of discretion, as appellant argues, to determine the child's overall best interests in spite of her 17 month stay in appellant's care.

Finally, appellant contends there was clear error in the trial court's finding suggesting his instability. Appellant alleges that by adding that he was suffering from post-Vietnam syndrome, the trial court relied upon the slightest relevant evidence. It is evident that the trial court's primary concern had to do with the stability of appellant's living circumstances and this was a legitimate consideration in deciding where the child should be placed.

## DECISION

The trial court did not err in concluding the child's best interests are served by continuing placement with respondent and in refusing to change the 1988 child custody placement.

Affirmed.