In re the MARRIAGE OF Edward E. DORWORTH, Appellant,

and

Sheri J. Dorworth, Appellee.

No. 00CA1552.

Colorado Court of Appeals, Div. I.

Aug. 30, 2001.

Willoughby Law Firm, LLC, Kimberly R. Willoughby, Denver, CO, for Appellant.

David P. Reiter, P.C., David P. Reiter, Denver, CO, for Appellee.

Holme Roberts & Owen LLP, Philip C. Zimmerman, John C. Lowrie, Denver, CO; Michael E. Brewer, Denver, CO, for Amicus Curiae Colorado Legal Initiatives Project.

Semple, Miller & Mooney, P.C., Julie C. Tolleson, Denver, CO, for Amicus Curiae American Civil Liberties Union of Colorado.

Opinion by Judge METZGER

Edward E. Dorworth (father) appeals the portion of the permanent orders imposing restrictions upon the exercise of parenting time with his daughter, who resides primarily with Sheri J. Dorworth (mother). We affirm in part and vacate in part.

As part of the dissolution of their marriage, the parties reached a partial separation agreement and parenting plan, which the court determined was in the best interests of the child. Under that agreement, the child legally resides with mother, and father has parenting time on alternate weekends from Thursday after school until 10:00 a.m. Sunday morning. The parties share major decisionmaking responsibility for their daughter's education, as well as for her medical, dental, and mental health care issues. They reserved allocation of religious decisionmaking authority.

Mother sought to restrict father, who describes himself as "bisexual," from exercising parenting time when he was in the company of gays or lesbians and to preclude him from taking the child to his church, which has a congregation with a gay orientation. After a hearing, the trial court found that the child

was of tender years, that she had not been exposed to any type of education regarding sex and relationships, and that the parties had held themselves out as husband and wife and had raised the child in that environment. The court also found that the child had not been exposed to father's gay lifestyle during the marriage, that father "came out" after the parties separated, and that the parties had not discussed father's sexual orientation with the child.

The court determined it was not in the best interests of the child to be exposed to father's gay lifestyle, especially because the parties had not talked with her about his sexual orientation. For the same reason, the court determined it was not in the child's best interests to see her father having an intimate relationship with a male. The court also found that it would be confusing for the child to be exposed to the gay environment of father's church.

Based on these findings, the court precluded father from having any other person spend the night at his home during parenting time and from taking the child to his church.

Father contends the trial court erred in restricting his parenting time without a finding that, absent such restriction, the child would have been physically endangered or her emotional development would have been significantly impaired. Additionally, father asserts the record contains no evidence that would support such a finding. We agree with both contentions.

The court may make provisions for parenting time that the court finds are in the child's best interests unless it finds, after a hearing, that parenting time by the party would endanger the child's physical health or significantly impair the child's emotional development. Section 14–10–124(1.5)(a), C.R.S.2000, lists eleven factors for the court to consider, at a minimum, in making that determination. Section 14–10–129(1), C.R.S.2000, similarly provides that:

> The court may make or modify an order granting or denying parenting time rights whenever such order or modification would serve the best interests of the child; but the court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger the child's physical health or significantly impair the child's emotional development.

*See In re Marriage of Sepmeier,* 782 P.2d 876 (Colo.App.1989); *In re Marriage of McGee,* 44 Colo.App. 330, 613 P.2d 348 (1980).

Thus, the General Assembly has directed that, in determining parenting time or decisionmaking responsibilities, trial courts shall not consider conduct of a proposed custodian that does not affect that party's relationship to the child. Section 14–10–124(2), C.R.S. 2000. *See In re Marriage of Moore,* 35 Colo.App. 280, 531 P.2d 995 (1975); *see also Christian v. Randall,* 33 Colo.App. 129, 516 P.2d 132 (1973).

■ Additionally, a trial court has no authority to intervene in the custodian's determination of the child's religious training unless it finds that the child's physical health would be endangered or that the child's emotional development would be significantly impaired. *In re Marriage of Oswald,* 847 P.2d 251 (Colo.App.1993); *see In re Marriage of Jaeger,* 883 P.2d 577 (Colo.App.1994); *cf. In re Marriage of Short,* 698 P.2d 1310 (Colo. 1985).

Here, the record shows that father had been the primary caretaker of the child for the first six years of her life. She was a happy and secure nine-year-old. Father denied ever exposing the child to any sexual or inappropriate behavior, and the record contains no evidence to the contrary.

Mother was concerned that the child would be confused because she had been reared in a conservative religious environment and perceived a family as being comprised only of a mother, father, and child. Mother also testified that the child had not yet been exposed to sex education, and asserted that, for that reason, the parties had agreed no one should presently spend the night at either parent's home. Finally, mother believed there was a risk that father would expose the child to inappropriate conduct and that she would be harmed by exposure to either homosexual or heterosexual strangers. Mother thought a restriction until the child

reached the age of fourteen was appropriate, at which time the child would learn of her own sexuality.

Father agreed it would be harmful to disclose his sexuality to the child at this time because she already was experiencing turmoil from the dissolution. He believed, however, that disclosure should not be delayed for five or ten years, because the child would feel that he had lied to her regarding the circumstances of the dissolution of the marriage.

 The trial court made no finding that father's conduct endangered the child physically or impaired her emotional development. Nor does the evidence support such a finding. Therefore, the portion of the judgment that precludes father from having overnight guests during parenting time cannot be sustained. *See In re Marriage of Jarman,* 752 P.2d 1068 (Colo.App.1988); *Christian v. Randall, supra.*

Other jurisdictions that have adopted the Uniform Dissolution of Marriage Act are in accord with the result we have reached here, i.e., that the court may not restrict parenting time merely because of a parent's sexual orientation. *See, e.g., In re Marriage of Pleasant,* 256 Ill.App.3d 742, 195 Ill.Dec. 169, 628 N.E.2d 633 (1993)(parent's open involvement in lesbian relationship not grounds to restrict visitation in the absence of evidence of inappropriate behavior in child's presence); *In re Marriage of Wicklund,* 84 Wash.App. 763, 932 P.2d 652 (1996)(parental conduct may be restricted only if child's physical, mental, or emotional health would be endangered).

Courts in states that have not adopted the Uniform Act have also reached the same conclusion. *See, e.g., In re Marriage of Birdsall,* 197 Cal.App.3d 1024, 243 Cal.Rptr. 287 (1988); *Boswell v. Boswell,* 352 Md. 204, 721 A.2d 662 (1998); *Weigand v. Houghton,* 730 So.2d 581 (Miss.1999); *Conkel v. Conkel,* 31 Ohio App.3d 169, 509 N.E.2d 983 (1987); *In re Marriage of Ashling,* 42 Or.App. 47, 599 P.2d 475 (1979); *Blew v. Verta,* 420 Pa.Super. 528, 617 A.2d 31 (1992).

For the same reasons, the portion of the judgment that restricted father from taking the child to his church cannot stand. Finally, because we have resolved the issues by applying the standards in §§ 14–10–124(1.5)(a) and 14–10–129(1), we need not address the constitutional arguments raised by father and amici curiae.

Those portions of the judgment that preclude father from having overnight guests during parenting time and from taking the child to his church are vacated. In all other respects, the judgment is affirmed.

Judge DAVIDSON and Judge ROY concur.