**In re the MARRIAGE OF Catherine PARR, f/k/a Catherine LYMAN, Appellee,**

**and**

**David LYMAN, Appellant.**

**No. 09CA0854.**

Colorado Court of Appeals, Div. I.

May 27, 2010.

**510**

Catherine Parr, pro se.

Robert J. Corry, Jr., Denver, CO, for Appellant.

Opinion by Judge TAUBMAN.

In this post-dissolution of marriage proceeding, David Lyman (father) appeals the trial court order restricting parenting time with his minor child. We affirm in part and vacate in part.

The marriage between father and Catherine Lyman, now known as Catherine Parr (mother), was dissolved in 2007. At that time, the parties signed a complete parenting plan that detailed a gradual increase in father's parenting time over a period of seven months, from short, supervised visits to unsupervised, alternating weekend overnights with the child. The parenting plan also provided that father's visits with the child "should be governed by the following guidelines: ... (iv) Ongoing UA's [urinalysis tests] and drug screenings to demonstrate that he does not return to marijuana use."

Approximately one week after signing the parenting plan, and the same day that the court incorporated the parenting plan into the decree, father learned he had been approved for listing on the State of Colorado Medical Marijuana Registry (Registry), apparently because of his debilitating back and knee pain resulting from a motorcycle accident. He thereafter filed a pro se motion with the magistrate requesting that the portion of the parenting plan regarding urinalysis testing be waived.

At the hearing on his motion, father testified that at the time he signed the parenting plan, he kept the existence of his Registry petition secret from mother on his counsel's advice not to raise the issue until he was certain he would be approved.

Following the hearing, the magistrate concluded that because father voluntarily and knowingly signed the parenting plan, he invited a valid court order requiring urinalysis testing and was, therefore, "stuck with it." The magistrate also found that although father may have acted on the advice of counsel, he nevertheless acted in bad faith by signing the parenting plan knowing that he had begun a separate legal process to apply for the medical use of marijuana. Thus, the magistrate denied father's motion to waive the required urinalysis testing, and, instead, ordered that father continue with such testing until further court order.

Father then filed a timely petition for review of the magistrate's order, arguing, inter alia, that he did not act in bad faith by keeping his petition a secret, and that the requirement for urinalysis testing was contrary to his constitutional right to use medical marijuana under the Colorado Constitution, article XVIII, section 14.

The trial court took no immediate action on father's motion.

Five months later, mother filed a pro se motion to restrict father's parenting time, arguing that he "ha[d] not provided proof of clean monthly UA drug screens ... and ha[d] asked [the child] to keep secrets about his drug use."

No hearing was held on mother's motion.

More than one year after father filed his petition for review of the magistrate's order and approximately nine months after mother filed her motion to restrict father's parenting time, the trial court denied father's petition for review. However, in affirming and adopting the magistrate's order, the trial court added the following language (modified provision):

> Mr. Lyman's parenting time shall be supervised by a person acceptable to Ms. Parr until such time as he demonstrates to this Court by clear and convincing evidence that his use of medical marijuana is not detrimental to the child. Mr. Lyman may not consume marijuana while with the child. Mr. Lyman may petition this Court for unsupervised visitation after he submits to the Court and Ms. Parr a clean hair follicle test. He shall then submit weekly clean UA's following the date of the clean hair follicle until the hearing on this motion.

Father now appeals the trial court's order.

## I. Parenting Time

On appeal, father raises a narrowly tailored argument, namely, that the trial court erred by adding the modified provision to restrict his parenting time. Although his notice of appeal and opening brief imply other contentions of error (e.g., confidentiality of medical marijuana users), because those contentions have not been properly briefed, or were not raised before the trial court in father's petition for review, we will not consider them on appeal. *See* C.A.R. 28(a); *In re Marriage of Miller*, 888 P.2d 317, 319 (Colo.App.1994) (appellate court will not address arguments raised without supporting argument or authority), *aff'd in part and rev'd in part on other grounds*, 915 P.2d 1314 (Colo.1996); *In re Marriage of Marson*, 929 P.2d 51, 54 (Colo.App.1996) (where a party fails to argue the issue in its brief, the reviewing court may deem the issue abandoned); *see also People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo.App.2006) (party seeking review of a magistrate's decision must raise a particular issue in the district court before seeking appellate review).

### A. Standard of Review

Section 14–10–129(1)(a)(I), C.R.S.2009, sets forth the standard for modification of parenting time rights. Generally, the court may make or modify an order granting or denying parenting time rights whenever such order or modification would serve the best interests of the child.

■ However, pursuant to section 14–10–129(1)(b)(I), C.R.S.2009, the court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger the child's physical health or significantly impair the child's emotional development. *See In re Marriage of Hatton*, 160 P.3d 326, 332 (Colo.App.2007); *In re Marriage of Fickling*, 100 P.3d 571, 573 (Colo. App.2004).

Whether the court has applied the correct legal standard in making its findings is a question of law that we review de novo. *In re C.T.G.*, 179 P.3d 213, 221 (Colo.App.2007).

### B. Prohibition on Marijuana Use While Exercising Parenting Time

■ Initially, we consider and reject father's implied contention that the prohibition on his use of marijuana while parenting constitutes a restriction on, rather than a modification of, parenting time requiring a finding of endangerment under section 14–10–129(1)(b)(I). Because, here, the prohibition does not present a qualitative change in the nature of father's parenting time, but is, to the contrary, consistent with the parenting plan requiring that father demonstrate he does not use marijuana, it does not constitute a restriction of parenting time. *See In re Marriage of West*, 94 P.3d 1248, 1251 (Colo. App.2004); *see also People in Interest of A.R.D.*, 43 P.3d 632, 636 (Colo.App.2001) (a trial court is within its discretion to impose a condition precedent to the exercise of parenting time if the best interests of the child dictate such a requirement). *But cf. In re Marriage of Finer*, 920 P.2d 325, 333 (Colo. App.1996) (the condition that parents refrain from drinking alcoholic beverages or smoking in the presence of the child reversed where smoking and drinking were not issues

in the case because neither party smoked or abused alcohol).

Because father does not assert that the prohibition on his using marijuana while parenting the child is inconsistent with the best interests of the child standard, we do not address that issue.

### C. Supervised Visitation and Hair Follicle Testing

Father contends that the trial court erred in restricting his parenting time to supervised parenting time in the modified provision without a finding that, absent such restriction, the child would have been physically endangered or her emotional development would have been significantly impaired. Additionally, father contends the record contains no evidence that would support such a finding. We agree with both contentions.

■ Under C.R.M. 7(a)(10), a reviewing judge may consider a petition for review and "shall adopt, reject, or modify the initial order or judgment of the magistrate." On review, the court may also "conduct further proceedings, take additional evidence, or order a trial de novo in the district court." C.R.M. 7(a)(8). Here, the trial court modified the magistrate's order, but did not conduct further proceedings or take additional evidence.

It is undisputed that when the trial court issued its order, father had exercised unsupervised, alternating weekend overnights with the child under the express terms of the parenting plan for approximately eighteen months.

The trial court's modified provision, however, required that all father's parenting time again be supervised, and required further that father petition for unsupervised visits. In our view, this modified provision constitutes a restriction on father's parenting time. See West, 94 P.3d at 1251 (a requirement that visitation be supervised constitutes a qualitative change in the nature of parenting time that implicates the endangerment standard).

In entering this restriction, however, the trial court made no finding that father's con-duct endangered the child physically or impaired her emotional development. Further, in reviewing the record, we find no evidence supporting such a finding. Therefore, the modified provision of the trial court's order restricting father's parenting time cannot be sustained.

■ While we recognize that what constitutes endangerment to a particular child's physical or emotional health is a highly individualized determination, see In re Marriage of Francis, 919 P.2d 776, 785 (Colo.1996), it appears here that the sole basis for the restriction was father's admitted use of medical marijuana. In the absence of an evidentiary hearing, which the district court could have held under C.R.M. 7(a)(8), the record does not show that father's use of medical marijuana represented a threat to the physical and emotional health and safety of the child, or otherwise suggested any risk of harm. Thus, father's use of medical marijuana cannot support the trial court's restriction on his parenting time.

Similarly, in In re Alexis E., 171 Cal. App.4th 438, 90 Cal.Rptr.3d 44, 56 (2009), the court concluded that the father's "use of medical marijuana, without more, cannot ... bring[ ] the minors within the jurisdiction of the dependency court." Nevertheless, the court upheld the trial court's finding that the father's use of marijuana in the home constituted a risk of harm to his children because of evidence showing the negative effects of second-hand marijuana smoke and the negative effect of his use of marijuana on his demeanor toward the children and others. Id. at 54–55; see also In re Marriage of Wieldraaayer, 147 Wash.App. 1048, 2008 WL 5331266 (Wash.Ct.App.2008) (unpublished opinion) (the trial court had discretion to require supervised visitation where evidence amply illustrated detrimental effects on children of father's use of medical marijuana while around them).

Our conclusion in this regard is similar to those in other Colorado cases in which parenting time was improperly restricted in the absence of evidence or findings showing endangerment. See, e.g., In re Marriage of Dorworth, 33 P.3d 1260, 1262 (Colo.App.2001)

(the court may not restrict parenting time solely because of a parent's sexual orientation); *In re Marriage of Jarman,* 752 P.2d 1068, 1069 (Colo.App.1988) (the court may not restrict parenting time on the basis of a parent's instability without a finding that the instability was so severe it endangered the child physically or impaired his emotional development).

In vacating the modified provision, we also vacate the court's requirements that father undergo hair follicle testing and petition for unsupervised visits. The parenting plan, still in effect, requires father to undergo UAs and drug screenings, but does not require hair follicle testing. Without an evidentiary basis, the district court erred in requiring hair follicle testing rather than another type of drug screening test. Further, the requirement that father petition for unsupervised visits was imposed without specific findings and without any basis in the record, and was neither contemplated nor raised by the parties or the parenting plan.

In reaching this conclusion, we do not express an opinion as to whether medical marijuana use may constitute endangerment; rather, we conclude only that endangerment was not shown here. We also express no view on father's constitutional right to use medical marijuana and whether the exercise of this right should bar UAs and drug screening. *See* Colo. Const. art. XVIII, § 14. Further, nothing in this opinion precludes father from arguing that his constitutional right to use medical marijuana should bar urinalysis testing, nor does this opinion preclude mother's ability to request a hearing on her motion to restrict father's parenting time.

Although we have vacated two aspects of the trial court's order, the parties' parenting plan remains in effect, including its provisions requiring father to undergo urinalyses and drug screenings, pending any further proceedings in the trial court.

## II. Compliance with C.A.R. 28(k)

We note that father's opening brief contains a certification of word limit but does not contain a certificate of compliance required by C.A.R. 32(f), nor does it state, under a separate heading, where each issue was preserved for appellate review, as required by C.A.R. 28(k). Similarly, mother's one-page pro se answer brief does not comply with these rules. We admonish both parties to comply with these rules. They are not mere technicalities, but facilitate our appellate review. *See O'Quinn v. Baca,* —— P.3d ——, —— (Colo.App.2010).

The modified provision of the trial court's order is vacated. In all other respects, the order is affirmed.

Judge HAWTHORNE concurs.

Judge FURMAN specially concurs.

Judge FURMAN specially concurring.

I concur with the majority that this case presents a "narrowly tailored argument" of whether the district court erred in restricting father's parenting time, without finding that, absent such a restriction, the parenting time would endanger the child's physical health or significantly impair the child's emotional development.

The existing parenting plan, to which father agreed, provided that he submit to "ongoing UA's and drug screenings to demonstrate that he does not return to marijuana use." We have concluded that plan is to remain in effect.

I write separately, however, because I disagree with the majority's conclusion that "nothing in this opinion precludes father from arguing that his constitutional right to use medical marijuana should bar urinalysis testing." I would limit our analysis to the arguments before us and, irrespective of whatever constitutional right father may have, any modification to the existing parenting plan must be based on the best interests of the child. *See* § 14–10–129(1)(a)(I), C.R.S. 2009 ("the court may ... modify an order granting or denying parenting time rights whenever such ... modification would serve the best interests of the child").

Also, I am concerned that mother filed a motion to restrict father's parenting time, and was not afforded a hearing to allow her to show father's use of medical marijuana

"would endanger the child's physical health or significantly impair the child's emotional development." *See* § 14–10–129(1)(b)(I), C.R.S.2009.