24CA1490 Parental Resp Conc JC 04-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1490
City and County of Denver District Court No. 23DR1747
Honorable Jennifer B. Torrington, Judge

In re the Parental Responsibilities Concerning J.C. and A.C., Children,

And Concerning Gwynneisha Cymone King

Appellee,

and

Javon Markel Calhoun,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE SCHUTZ
Welling and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

No Appearance for Appellee

Price Family Law, LLC, Bria Burgamy, Denver, Colorado, for Appellant

¶ 1       In this allocation of parental responsibilities case, Javon Markel Calhoun (father) appeals the district court's permanent orders allocating parental responsibilities to Gwynneisha Cymone King (mother). We reverse and remand for further proceedings.

## I.       Background

¶ 2       Mother and father are the parents of two minor children, A.C. and J.C. Mother filed a petition for allocation of parental responsibilities asserting that the children, who were then six and ten years old, had always lived with her and did not have regular contact with father.

¶ 3       After a hearing, the court issued temporary orders allocating mother primary parental responsibilities and allowing father up to four hours of parenting time per week, which he was to coordinate through mother.

¶ 4       The court later held a permanent orders hearing where both parties appeared pro se. Father requested parenting time every other weekend from Friday to Monday. Mother objected to this request, informing the court that father had recently said he was homeless, and she did not feel comfortable having the children with

him.  Mother also testified that following the temporary orders, father had not exercised or requested any parenting time.

¶ 5     The court took the matter under advisement and issued written permanent orders allocating mother primary parental responsibilities.  It limited father's parenting time to four hours per week, which it ordered must be supervised by a third party at father's expense.  The order stated that father could petition for unsupervised visits only after completing twelve supervised visits and submitting the results of hair follicle and blood, drug, and alcohol tests reflecting ninety days of sobriety.

¶ 6     Father moved for post-trial relief pursuant to C.R.C.P. 59, which the court summarily denied.

## II.     Parenting Time

### A.     Applicable Law and Standard of Review

¶ 7     A district court must allocate parenting time according to the child's best interests, "giving paramount consideration to the child's safety and the physical, mental, and emotional conditions and needs of the child."  § 14-10-124(1.5), C.R.S. 2024.  In making the best interests determination, the court must consider the factors set forth in section 14-10-124(1.5)(a)(I)-(XI).  *In re Marriage of Finer,*

920 P.2d 325, 327 (Colo. App. 1996).  The district court is not required to make specific findings on all statutory factors.  *In re Marriage of Rodrick*, 176 P.3d 806, 813 (Colo. App. 2007).  However, the court's findings must be sufficient to give the reviewing court a clear understanding of the factual basis for the order.  *In re Marriage of Rozzi*, 190 P.3d 815, 822 (Colo. App. 2008).

¶ 8     For a court to "impos[e] . . . a parenting time restriction," the court must find "that parenting time by the [restricted] party would endanger the child's physical health or significantly impair the child's emotional development" and "enumerate the specific factual findings supporting the restriction," including findings related to child abuse.  § 14-10-124(1.5)(a).  "[W]hat constitutes endangerment to a particular child's physical or emotional health is a highly individualized determination . . . ."  *In re Marriage of Parr*, 240 P.3d 509, 512 (Colo. App. 2010).

¶ 9     We review a district court's parenting time determinations for an abuse of discretion, meaning that we will only reverse if the court acted in a manifestly unfair, arbitrary, or unreasonable manner.  *In re Marriage of Hatton*, 160 P.3d 326, 330 (Colo. App. 2007).  We generally review the district court's factual findings for

clear error, meaning that we will not disturb the court's findings unless they are devoid of record support. *Van Gundy v. Van Gundy*, 2012 COA 194, ¶ 12.

## B. Discussion

¶ 10 The district court's parenting time determination must be reversed for three reasons: (1) several of its factual findings are clearly erroneous; (2) the order does not explain what statutory factors the court considered when allocating parenting time; and (3) the court restricted father's parenting time without making an endangerment finding.

¶ 11 First, we agree with father that several of the district court's factual findings are unsupported by the record. For example, the court found that mother had concerns about father's sobriety and noted that it shared those concerns. However, although mother expressed concerns about father's unstable living arrangements, at least on the record before us, she never suggested father was abusing substances or questioned father's sobriety.

¶ 12 The district court also found that father's demeanor during the permanent orders hearing led it to suspect that father was under the influence. We acknowledge that questions related to a witness's

credibility are left to the sound discretion of the district court. *See Black v. Black*, 2018 COA 7, ¶ 122 (the court may consider demeanor in assessing credibility). However, the court did not ask father about any suspected intoxication or inquire about father's unusual speech patterns or general demeanor to gain an understanding of his mental or physical state. This finding is particularly concerning in light of father's assertion in his post-trial motion that he has a stutter — providing an explanation for his unexplored speech pattern that troubled the court. And, as discussed, the court's finding that mother had raised questions about father's sobriety has no record support.

¶ 13 Additionally, the district court found that father had "not provided through filing or testimony any record of the parenting time he is willing or available to exercise." However, the record shows that father asked for parenting time every other weekend in two filings and at the permanent orders hearing.

¶ 14 Second, the parenting time determination must be reversed because although the district court recited the factors set forth in section 14-10-124(1.5)(a)(I)-(XI), the order does not explain what factors the court actually considered when deciding to allocate

father only four hours of parenting time a week to father.  *See In re Marriage of Gibbs*, 2019 COA 104, ¶ 9 ("The district court must make sufficiently explicit findings of fact to give the appellate court a clear understanding of the basis of its order.").

¶ 15  Lastly, the district court restricted father's parenting time by requiring that it be supervised and by requiring father to submit test results demonstrating ninety days of sobriety before moving to unsupervised time.  *See In re Marriage of Thorburn*, 2022 COA 80, ¶ 29 (supervised parenting time is a restriction on parenting time).  But it made no required finding of endangerment to support its restriction on parenting time.  *See* § 14-10-129(1)(b)(I), C.R.S. 2024 ("The court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger the child's physical health or significantly impair the child's emotional development.").

¶ 16  The order also does not explain what evidence the district court relied on to support the parenting time restriction.  Although it made unsupported findings about father's sobriety, it did not explain whether or how those findings established endangerment.  And the order did not connect father's unstable housing situation to the court's parenting time restriction.  *But see In re Marriage of*

6

*Jarman*, 752 P.2d 1068, 1069 (Colo. App. 1998) (instability alone is not sufficient to support a restriction on visitation).

## III.    Disposition

¶ 17    Based on the foregoing, we reverse the district court's permanent orders regarding the allocation of father's parenting time and remand for proceedings consistent with this opinion.

JUDGE WELLING and JUDGE KUHN concur.