**In re the MARRIAGE OF Earl L. JONES, Appellant,**

**and**

**Patsy A. Jones, Appellee.**

**No. 84CA0900.**

Colorado Court of Appeals, Div. I.

June 6, 1985.

William Litvak, Denver, for appellant. No appearance for appellee.

PIERCE, Judge.

In this dissolution of marriage action, the father, Earl L. Jones, appeals from an order denying his motion for change of custody and modification of child support. We affirm in part and reverse in part.

In its final decree of dissolution, custody of the two minor children was awarded to the mother and the father was ordered to pay $312.50 per month per child for child support until each child reaches the age of

majority or is emancipated. Approximately six months after the entry of the decree, the father filed his verified motion seeking change of custody and modification of child support only as to the son, Christopher Earl Jones.

In his motion, the father alleged that the son was 18 years old, and had changed his residence from that of the mother to the father's residence, and that such change was permanent. He further alleged that the change was of the son's own volition. In response to a court order the mother filed an affidavit in which she denied the allegations in the father's motion. Thereafter, the son filed an affidavit in which he stated: "1. I have chosen since April 15, 1984, to live with my father Earl L. Jones. (2) I live with my father 100% of the time. (3) I intend to continue living with my father on a permanent basis."

Citing §§ 14–10–131 and 14–10–132, C.R.S., the court ruled, without a hearing, that: "The affidavits filed herein merely show that the child has changed his residence and do not show the necessity for a modification of the decree." The court denied the motion both as to change of custody and as to modification of child support. The father then filed a motion to amend the order. The motion was denied, and the father appeals.

The father here contends that the trial court abused its discretion in denying the motion, and in failing to afford him the opportunity for a hearing. We affirm as to the ruling on change of custody, but reverse as to the ruling on modification of child support.

## I.

Section 14–10–132, C.R.S., provides for the filing of affidavits in support of, and in opposition to, a motion for change of custody. The section further provides:

"The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for a hearing...."

In order to establish "adequate cause" the court must find, as applicable here, that, based on facts that have arisen subsequent to the decree, a change has occurred in the circumstances of the child, *and* that modification is "necessary to serve the best interests of the child." Section 14–10–131(2), C.R.S. Here, although the matter was contested, it appeared that a change of circumstances had occurred. However, there was no allegation in the motion, or the affidavits that a change of custody would serve the best interests of the child. A change of circumstances alone does not compel a change of custody. *See Coulter v. Coulter*, 141 Colo. 237, 347 P.2d 492 (1959); *Christian v. Randall*, 33 Colo. App. 129, 516 P.2d 132 (1973). Thus, there was no abuse of discretion in the denial of the motion for change of custody without a hearing.

## II.

The father asserts two grounds for reversal of the order as it pertains to modification of child support. First, he contends that §§ 14–10–131 and 14–10–132, C.R.S., do not apply to child support modification and, second, that under established law he is not obligated to pay child support to the custodial parent for times when the son is living with and being supported, by him. We agree.

First, § 14–10–132, C.R.S., which delineates the procedure for the use of affidavits, states that "[a] party seeking a temporary custody decree" shall file an affidavit with the motion. Thus, on its face, the statute is limited to custody issues only. Section 14–10–131, C.R.S., is likewise so limited. The statute which controls modification of child support, § 14–10–122, C.R.S., contains no provisions for the filing of, or action on, affidavits. In the absence of such a statutory provision, the parties are entitled to a hearing on a motion for modification of support. *See Wheeler v. Wheeler*, 155 Colo. 7, 392 P.2d 285 (1964).

The order denying change of custody is affirmed, the order denying modification of child support is reversed, and the cause is

1330

remanded for further proceedings in conformity with this opinion.

BERMAN and STERNBERG, JJ., concur.