In re the MARRIAGE OF Debra KASTEN, Appellee,

and

Frank Kasten, Appellant.

No. 90CA1220.

Colorado Court of Appeals, Div. II.

June 20, 1991.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

■■■■■■■■■■■■■

Jon Slaughter Pelegrin, Lakewood, for appellee.

Del J. Ellis, Wheat Ridge, for appellant.

Opinion by Judge SMITH.

Frank Kasten (father) appeals the district court's order denying his motion to appoint a mental health professional to conduct a visitation evaluation and for change in visitation. We reverse and remand with directions.

The parties' marriage was dissolved in 1985. Debra Kasten (mother) has custody of the parties' only child and father has visitation rights.

In September 1989, father filed a motion seeking modification of visitation and, in late October, filed a motion to appoint a mental health professional to conduct, at his expense, a visitation evaluation. This motion was opposed by mother and was ultimately denied by the district court as untimely. Approximately one month later, father's request for modification of visitation, too, was denied.

In May 1990, father, again, moved to modify his visitation rights. This motion was accompanied by another motion to appoint a mental health professional, at father's expense, to conduct a visitation evaluation. In June, the district court issued its order summarily denying father's request for modification. And, concluding "that there was now no pending visitation motion before the court," the district court in the same order, denied father's accompanying request for a visitation evaluation. That order forms the basis of this appeal.

The sole issue here is whether the district court's order simultaneously denying father's motions for a visitation evaluation and for change in visitation was in error. We conclude that it was.

Section 14–10–127(1)(a)(I), C.R.S. (1990 Cum.Supp.) *mandates* that, in custody proceedings, the court order an evaluation of custodial or visitation arrangements upon a parent's request, unless the court finds that the request is interposed for delay. This statutory mandate extends to proceedings in which the issue pending before the court is, as it was here, the modification of a visitation order. *In re Marriage of Sepmeier*, 782 P.2d 876 (Colo.App.1989).

Accordingly, since there was a custody/visitation proceeding pending and there was no finding that father requested the visitation evaluation for purposes of delay, the court here had no discretionary authority under § 14–10–127(1)(a)(I) to deny father's motion for an evaluation; nor could it rule on father's motion for modification of visitation prior to obtaining the visitation evaluation report. To hold otherwise would be to condone circumvention of the express legislative mandate.

Hence, the district court's order is reversed, and the cause is remanded with directions to reinstate *both motions* and to order a visitation evaluation pursuant to the statutory mandate.

METZGER and MARQUEZ, JJ., concur.