Frances HERNANDEZ, Petitioner,

v.

The DISTRICT COURT IN and For the SECOND JUDICIAL DISTRICT, State of Colorado, and the Honorable Federico C. Alvarez, District Judge, Respondents.

No. 91SA44.

Supreme Court of Colorado,
En Banc.

July 9, 1991.

Legal Aid Soc. of Metropolitan Denver, Inc., Manuel A. Ramos, Linda Sue Andersen, Denver, for petitioner.

Federico C. Alvarez, Denver Dist. Judge, pro se.

Joseph G. Sandoval, Denver, for intervenor Rudy Cortez.

Justice VOLLACK delivered the Opinion of the Court.

The petitioner, Frances Hernandez (Hernandez), seeks a writ of mandamus pursuant to C.A.R. 21. Hernandez contends that the trial court abused its discretion by denying her request for a child custody evaluation and her request that the fee for the evaluation be waived or be assessed against the intervenor, Rudy Cortez (Cortez). We issued a rule to show cause why the requested relief should not be granted. We now make the rule absolute.

I.

Hernandez and Cortez entered into a common law marriage in 1987. One child, Rudy Cortez III, was born to this marriage on July 27, 1987. When the couple separated on March 19, 1990, the child lived with Hernandez on a full-time basis, except for three weekend visits with Cortez. On April 6, 1990, Cortez refused to return the child to Hernandez. Subsequently, Cortez filed for a dissolution of marriage on May 8, 1990.

On June 26, 1990, Cortez was awarded temporary custody of the child at a temporary orders hearing held before a referee in the Denver District Court. On August 29, 1990, Hernandez filed a motion requesting a child custody evaluation and a motion requesting that the fee for the child custody evaluation be waived or assessed against Cortez. An affidavit of Hernan-

dez' financial affairs was also filed in support of the motions.

On October 29, 1990, Cortez and Hernandez, with their respective counsel, appeared in Denver District Court for a hearing on Hernandez' motions. The referee refused to hear the matter based on a lack of jurisdiction. The matter was then transferred to respondent, Judge Alvarez, who informed the parties that the court would decide the motions without a hearing. A trial date for the entry of permanent orders was also set at this time.

In an order dated December 10, 1990, the court denied Hernandez' motions on the following grounds:

> Initially, the Court agrees that the statute grants to the Court the discretion to order the social services department, among others, to perform an evaluation. However, the Denver Department of Social Services lacks the resources to perform this function in addition to its other responsibilities. Hence the Department is not in reality a resource upon which the Court can rely.
>
> In addition, the Court is unaware of [any] legal basis upon which it can finance the cost of an evaluation for any party. While the Court may eventually assess the costs between the parties, C.R.S. 14–10–127(1)(a)(I) requires the moving party to deposit a sum of money for the initial financing of an evaluation.

Hernandez then petitioned this court for an order compelling the trial court to show cause why the trial court should not be required to order a custody evaluation and to waive or apportion the cost of such evaluation between the parties.

## II.

■ Hernandez first argues that mandamus is the proper remedy in this case because the trial court abused its discretion in denying her motion for a custody evaluation pursuant to section 14–10–127, 6B C.R.S. (1990 Supp.). We agree.

Relief in the nature of mandamus is an appropriate remedy "in a case in which a district court has abused its discretion in exercising its functions." *Gonzales v. Dis-*

*trict Court,* 198 Colo. 505, 506, 602 P.2d 857, 858 (1979); *see also Public Serv. Co. v. District Court,* 638 P.2d 772, 774 (Colo. 1981); *Peoples Natural Gas Div. of N. Natural Gas Co. v. Public Utils. Comm'n,* 626 P.2d 159, 162 (Colo.1981); *Seymour v. District Court,* 196 Colo. 102, 105, 581 P.2d 302, 304 (1978).

The trial court's discretion in ordering a custody evaluation is limited by section 14–10–127, 6B C.R.S. (1990 Supp.), which provides in relevant part:

> (1)(a)(I) In all custody proceedings, the court *shall,* upon motion of either party, or *may,* upon its own motion, order the court probation department, any county or district social services department, or a licensed mental health professional qualified pursuant to subsection (4) of this section to perform an evaluation and file a written report concerning custodial or visitation arrangements, or both, for the child, unless such motion by either party is made for the purpose of delaying the proceedings. No later than January 1, 1990, any court or social services department personnel appointed by the court to do such evaluation shall be qualified pursuant to subsection (4) of this section. When a mental health professional performs the evaluation, the court shall appoint or approve the selection of the mental health professional. The moving party shall, at the time of the appointment of the evaluator, deposit a reasonable sum with the court to pay the cost of the evaluation. The court may order the reasonable charge for such evaluation and report to be assessed as costs between the parties.

(Emphasis added.)

Construction of a statute is a question of law. *In re Marriage of Van Inwegen,* 757 P.2d 1118, 1120 (Colo.1988); *Colorado Div. of Employment v. Parkview Episcopal Hosp.,* 725 P.2d 787, 790 (Colo.1986). Our primary task in construing a statute is to give effect to the intent of the General Assembly. *Farmers Group, Inc. v. Williams,* 805 P.2d 419, 422 (Colo.1991); *People v. Guenther,* 740 P.2d 971, 975 (Colo.1987). To discern that intent, we look

first to the language of the statute itself, giving the words and phrases effect according to their plain and ordinary meaning. *Williams*, 805 P.2d at 422; *Guenther*, 740 P.2d at 975; *Binkley v. People*, 716 P.2d 1111, 1113–14 (Colo.1986). In so doing, "we must choose a construction that serves the purpose of the legislative scheme, and must not strain to give language other than its plain meaning, unless the result is absurd." *Williams*, 805 P.2d at 422 (quoting *Colorado Dep't of Social Servs. v. Board of Comm'rs*, 697 P.2d 1, 18 (Colo. 1985)). This court has applied these rules of construction to conclude that the "word 'shall,' when used in a statute, involves a 'mandatory connotation' and hence is the antithesis of discretion or choice." *Guenther*, 740 P.2d at 975; *see also People v. District Court*, 713 P.2d 918, 921 (Colo. 1986); *People v. Clark*, 654 P.2d 847, 848 (Colo.1982); *In re Marriage of Sepmeier*, 782 P.2d 876, 879 (Colo.App.1989); *Van Inwegen*, 757 P.2d at 1120.

We conclude that the trial court abused its discretion in denying Hernandez' motion for a custody evaluation. The mandatory language of the statute, that "the court shall, upon motion of either party, or may, upon its own motion, order ... an evaluation," is unambiguous, and its plain meaning must be given effect. *Williams*, 805 P.2d at 422. The term "shall" deprives the trial court of any discretion to deny a custody evaluation upon proper motion by either party. *See Guenther*, 740 P.2d at 975. The record indicates that Hernandez' motion for a custody evaluation was properly filed with the trial court. Absent a finding that the motion was made for the purpose of delaying the proceedings, the trial court was obligated to order a custody evaluation. The trial court's discretion with respect to a motion for a custody evaluation is limited to selecting the evaluator, or in determining whether an evaluation is necessary when no request for an evaluation is made by either party. Accordingly, the trial court's denial of Hernandez' custody evaluation motion constituted an abuse of discretion.

## III.

Hernandez' second argument is that the trial court erred by denying her motion to waive the fee for the child custody evaluation or to assess the cost against Cortez.

Section 14–10–127, 6B C.R.S. (1990 Supp.), provides the court with discretion in selecting an option for financing the cost of a custody evaluation. Section 14–10–127(1)(a)(I) provides, in relevant part, that the "moving party shall, at the time of the appointment of the evaluator, deposit a reasonable sum with the court to pay the cost of the evaluation. The court may order the reasonable charge for such evaluation and report to be assessed as costs between the parties." The trial court is vested with the discretion to determine the reasonable amount of the deposit based on the moving party's ability to pay. In determining the reasonable amount of the deposit, the court may not hamper or prevent a poor person's participation in the judicial process because of his financial status. *See, e.g., Schaffer v. District Court*, 719 P.2d 1088 (Colo. 1986); *Cook v. District Court*, 670 P.2d 758 (Colo.1983).

In this case, the trial court did not determine a reasonable amount as a deposit for the custody evaluation or assess the cost of the evaluation between the parties. Hernandez had filed a motion to proceed *in forma pauperis* supported by an affidavit with respect to her financial affairs, which was approved by the court, indicating that she was indigent and incapable of paying the costs of the evaluation. In her affidavit, Hernandez alleged that Cortez was gainfully employed and possessed a substantial amount of personal property and real estate. Although the court could not waive the cost of the evaluation, it should have entered appropriate orders as provided by the statute based on the parties' current ability to pay and assessed the report as costs between the parties. We hold that the trial court abused its discretion by failing to order a custody evaluation and by failing to assess the costs of

▆▆▆▆▆▆▆▆▆▆▆▆▆▆

the report between the parties as provided by section 14–10–127.

The rule is made absolute.