**In re the MARRIAGE OF Kevin Jess MICHIE, Appellee,**

**and**

**Deanna Kay Michie, n/k/a Deanna Kay Woollen, Appellant.**

**No. 92CA0328.**

Colorado Court of Appeals, Div. V.

Dec. 17, 1992.

Frey, Lach & Michaels, P.C., Susan M. Lach, Fort Collins, for appellee.

G. William Beardslee, Fort Collins, for appellant.

Opinion by Judge MARQUEZ.

In this dissolution of marriage action, the mother, Deanna Kay Michie, n/k/a Deanna Kay Woollen, appeals from an order denying her motion for change of custody without a hearing. We affirm.

The parties' marriage was dissolved in 1987, and custody of the parties two-and-one-half year old son was granted to the father, Kevin Jess Michie. In 1991, the mother filed a motion for change of custody without any attached affidavits and a motion for custody evaluation. She alleged that she had witnessed the continued deterioration of the child on an emotional basis, that the father continued to disrupt visitation and the child's relationship with her, and that continuing custody with the father would constitute emotional harm to the child.

Attached to the father's motion to dismiss the mother's motion were six affidavits, which attested that the child had developed a good, healthy, and loving relationship with the mother and that the child was healthy, physically and emotionally. The mother filed a verified response to father's motion to dismiss.

The trial court denied the mother's motion for modification of custody without a hearing based on its determination that the mother's allegations were nonspecific and conclusionary as opposed to factual and that they were contradicted by affidavits from the father. The court further concluded that adequate cause for a hearing to modify custody did not exist. The court did not explicitly rule on the motion for custody evaluation, but such motion was implicitly denied.

The gist of this appeal is that the mother is entitled as a matter of law to the custody evaluation she requested because the threshold requirement of "adequate cause" does not apply to such request. We are not persuaded.

Section 14–10–127(1)(a)(I), C.R.S. (1992 Cum.Supp.) provides, in pertinent part, that:

> In all *custody proceedings*, the court shall, upon motion of either party, or may, upon its own motion, order ... an evaluation ... concerning custodial or visitation arrangements, or both, for the child, unless such motion by either party is made for the purpose of delaying the proceedings.... (emphasis added)

This section has been interpreted as mandatory in cases involving the initial determination of custody, *see Hernandez v. District Court*, 814 P.2d 379 (Colo.1991), and in disputes concerning visitation. *See In re Marriage of Kasten*, 814 P.2d 11 (Colo. App.1991).

■ However, the mere filing of a motion to modify custody does not establish a "custody proceeding," as that phrase is used in § 14–10–127(1)(a)(I). Instead, a "custody proceeding" is only established after the threshold requirements of § 14–10–132, C.R.S. (1987 Repl.Vol. 6B) are met. To decide otherwise would ignore the provisions of this section which exist to discourage insubstantial motions to modify which fail to meet the statutory standards for a change of custody. *See* 9A Uniform Laws Annot., *Uniform Marriage and Divorce Act* § 410 (1987) (Comment at 668).

■ Section 14–10–132 provides:

Affidavit practice. A party seeking the modification of a custody decree shall submit, together with his moving papers, an affidavit setting forth facts supporting the requested modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the

motion is established by the affidavits....

Consequently, it is within the trial court's discretion to determine whether "adequate cause" has been established. *In re Marriage of Jones*, 703 P.2d 1328 (Colo.App. 1985).

 Here, the mother's motion to modify custody was unverified and not supported by any factual averments. To the extent mother contests the court's denial of her motion for modification of custody based upon her failing to meet the threshold set out in § 14–10–132, such assertions are without merit. The trial court properly denied the motion without a hearing. *See In re Marriage of Jones, supra.*

Hence, a "custody proceeding" under § 14–10–127(1)(a)(I) did not exist, and accordingly, the trial court did not err in implicitly denying the motion for custody evaluation.

Order affirmed.

HUME and JONES, JJ., concur.