In the Interest of D.R.V–A. and D.G.V–A., Children, and Concerning G.A., Petitioner–Appellee,

v.

C.V., Respondent–Appellant.

No. 98CA0690.

Colorado Court of Appeals, Div. V.

March 4, 1999

Jon Slaughter Pelegrin & Associates, Jon Slaughter Pelegrin, Lakewood, Colorado, for Petitioner–Appellee.

C.V., Pro Se.

Opinion by Judge TAUBMAN

In this custody action which arose out of paternity proceedings, mother (C.V.) appeals from the post-decree order continuing supervised parenting time with her children, D.R.V–A. and D.G.V–A. We reverse and remand with directions.

This case has been fiercely contested, as noted in father's appeal from the child support aspects of the permanent orders that were entered in July 1993. *See In Interest of D.R.V.*, 885 P.2d 351 (Colo.App.1994). At that time, both parents were determined to be fit custodians. Father was awarded custody to provide the children with stability and mother was granted liberal visitation.

In the interim, several orders concerning parenting time have been entered, culminating in the February 25, 1998, order, which is being appealed.

In July 1995, after a three-day hearing, the trial court determined that the evidence clearly and convincingly showed that the daughter's emotional development had been impaired by the parties' ongoing conflict. The court also concluded that unrestricted parenting time would continue to impair significantly the emotional health of the daughter, and possibly the son. Therefore, the court ordered that mother's parenting time be supervised for a period of between four and six months, and thereafter it alternate between supervised and unsupervised visits, as determined by the guardian ad litem after considering input from therapists and others. The court also ordered (1) continued individual therapy for the parents and daughter; (2) ongoing family therapy; and (3) an evaluation of the son for counseling, with him to receive whatever counseling was deemed necessary.

On October 17, 1995, the trial court considered mother's motion for specific orders in a telephone hearing. After considering the motions and various pleadings, it ordered that the parties participate in family therapy with a designated provider twice per month. It also ordered that supervised visitations continue until terminated by the guardian ad litem, who was authorized to confer with and rely upon the recommendations of the family therapist.

The record shows that the court ordered that unsupervised visits were to commence December 20, 1995.

In September 1996, mother requested a forthwith hearing to review parenting time. Based upon information that mother's inappropriate behavior with the children had continued, the trial court, on October 11, 1996, without a hearing, reinstated supervised parenting time until such time as the guardian and family therapist agreed that unsupervised visits should resume.

The guardian ad litem's request to withdraw was granted on May 23, 1997, subject to reappointment. No guardian has been in place since that date.

On June 23, 1997, the trial court, without a hearing, found that mother had visited with the children in a supervised setting for four months but, since February 1997, had not had parenting time. It found that "the cessation of parenting time was initiated by mother." It concluded that "if the mother has been unable to or has refused to participate in family therapy which was a precondition for unsupervised visits, it was not appropriate to deviate from those previous orders just because mother has not had visits recently." Therefore, the court denied mother's request for unsupervised visits. Although mother filed a notice of appeal from this order, the appeal was dismissed as untimely.

On January 13, 1998, in response to further motions filed by mother, the trial court found that the conditions which had led to supervised visits continued to exist. In addition, the court found that supervision by a schoolteacher or playground supervisor, which mother proposed, did not meet the needs that were expressed in the July 1995 order. Therefore, the court denied mother's request to visit the children at school. Both parties were given the opportunity to respond further.

After considering additional pleadings filed by the parties, the court entered the order at issue here which continued to limit mother's ability to exercise parenting time. The trial court recognized that prior orders established that the agreement of the family therapist and the guardian ad litem would be a precondition for resuming unsupervised visits. It also recognized that mother's ability to meet the precondition was affected by the lack of a guardian ad litem and lack of family therapy. Therefore, the court reiterated that father must arrange for and have the children in family therapy.

It further found that if the children were doing well, as reported in the materials supplied by father, the family therapy should be structured around the issue of a healthy relationship between the children and their mother. The court also ordered that the mother must be invited to be involved in the family therapy "at the time(s) and to the extent that the therapist believes her involvement will assist in resolution of family issues." In addition, it found that "[w]hen the family therapist files with the court a recommendation for unsupervised visitation," it would review that recommendation, and the absence of a guardian ad litem would not be a bar to reinstatement of unsupervised visits.

The court also authorized mother to attend school functions as a "spectator" and to offer appropriate encouragement, support, congratulations, or similar positive input to the children. However, it stated that mother was not authorized to conduct private conversations or "visits" while attending such school functions.

## I.

Mother first contends that the trial court erred in denying a hearing on her request for more specific parenting time. We agree.

As an initial matter, we note that, in paternity proceedings, the juvenile court must make and modify permanent orders respecting parenting time in accordance with the Uniform Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S.1998 (UDMA). *People in Interest of S.E.G.*, 934 P.2d 920 (Colo.App.1997).

If the evidence shows a general lack of cooperation between parents or an inability to effect the prior orders of court, adequate cause for a hearing on the propriety of a parenting time order is established. *See In re Marriage of Sepmeier*, 782 P.2d 876 (Colo.App.1989); § 14–10–132, C.R.S.1998 (party seeking modification of parenting time must file affidavit setting forth factual basis

for same; if supporting and opposing affidavits demonstrate adequate cause, court shall schedule hearing).

Further, a party is entitled to a hearing before a court may prohibit parenting time. *See* § 14–10–124(1.5)(a), C.R.S.1998 (effective Feb. 1, 1998, formerly codified as § 14–10–129, C.R.S.1998). Additionally, such hearings shall be given priority when being set. *See* § 14–10–128(1), C.R.S.1998. *See also In re Marriage of Finer*, 893 P.2d 1381 (Colo. App.1995) (due process requires that mother be afforded an opportunity for a hearing on motion to remove child from state); *In re Marriage of Goellner*, 770 P.2d 1387 (Colo. App.1989) (due process requires hearing with adequate time to present case).

■ Here, despite mother's several requests, the trial court has not conducted an evidentiary hearing with respect to parenting time since 1995. Further, mother alleged that she has not been afforded either parenting time or telephone contact since early 1997. She also filed letters from her therapist and her visitation supervisor, who she said would testify on her behalf in support of unsupervised parenting time at an evidentiary hearing. Under these circumstances, and because of the disposition reached in part II of this opinion, we conclude that the trial court erred in denying mother's request for an evidentiary hearing in February 1998.

## II.

Mother also contends that the trial court erred in structuring the order in such a way that her ability to exercise unsupervised parenting time is dependent upon the family therapist filing such a recommendation with the court. We agree.

■ Under the UDMA, determination of parenting time is a matter within the discretion of the trial court, which must take into consideration the child's best interests and the policy of encouraging the parent-child relationship. *In re Marriage of Velasquez*, 773 P.2d 635 (Colo.App.1989); *see* §§ 14–10–129(2) and 19–1–102(1)(b), C.R.S.1998.

■ Reasonable parenting time is mandated and undue restrictions on parenting time are prohibited, unless the court finds that exercise of parenting time rights would endanger the child's physical health or significantly impair the child's emotional development. Sections 14–10–129(1) and 14–10–129(2), C.R.S.1998; *see In re Marriage of Finer*, 920 P.2d 325 (Colo.App.1996). Even a parent who has been found to be unfit to be a custodian may be entitled to liberal parenting time. *In re Marriage of Jarman*, 752 P.2d 1068 (Colo.App.1988).

■ The statutory scheme requires that the trial court itself make decisions regarding parenting time, and it may not delegate this function to third parties such as a guardian ad litem. *In re Marriage of McNamara*, 962 P.2d 330 (Colo.App.1998). Similarly, in *In re Marriage of Elmer*, 936 P.2d 617 (Colo. App.1997), a division of this court concluded that the trial court did not have the authority to delegate to the child's psychiatrist the decision when and if overnight visitation could occur.

■ In our view, the order at issue here is the type that is prohibited under *Elmer* and *McNamara*. Here, the trial court delegated decisions regarding parenting time to the guardian and the therapist, and then, when the guardian withdrew, to the therapist alone. This order constituted an improper delegation of authority because it precluded mother from obtaining an evidentiary hearing until such time as the family therapist recommended unsupervised visitation. When and if that point was reached, presumably an evidentiary hearing would be unnecessary. Thus, we conclude that the decision to condition the exercise of parenting time on the assent of the family therapist was improper, as was the court's conditioning the setting of an evidentiary hearing on such assent.

We recognize that, in November 1995, mother originally made the suggestion to place the decision concerning parenting time in the hands of a family therapist and that father agreed with that idea. However, unsupervised parenting time was thereafter in effect until it was suspended in October 1996. A considerable length of time has passed, during which it appears that mother was not

allowed contact with the children, either directly or by telephone. Father concedes that the children have not been in family therapy since February 1997, when he began to confer with, and update, the therapist about them on an "as needed basis," and that their individual therapy was terminated around that time.

Accordingly, we conclude that the February 1998 order, which effectively defers to the family therapist the trial court's decisions as to when mother should be allowed to participate in family therapy or exercise unsupervised parenting time, constitutes an improper delegation of the court's authority. *See In re Marriage of Elmer, supra.*

### III.

Mother also asserts that the trial court erred in not interviewing the children or providing a representative or special advocate for them. We conclude the trial court may consider this issue upon proper motion filed in that court.

 Section 14–10–123.4, C.R.S.1998, provides that children have certain rights in the determination of custody. To protect those rights, the court may interview the children or appoint a guardian ad litem to represent their interests. *See In re Marriage of Hartley,* 886 P.2d 665 (Colo.1994); § 14–10–116, C.R.S.1998 (upon motion of either party or on its own motion, court may appoint a representative or special advocate for the child); § 14–10–126(1), C.R.S.1998 (court may interview child in chambers to determine child's wishes regarding parenting time).

Here, in May 1997, the guardian ad litem filed a motion setting forth her desire to withdraw and asserting that the matters for which she had been retained were completed. As noted, the trial court granted that motion "subject to possible future reappointment." It also appears that further orders on the issues related to parenting time have not been entered because this appeal has been pending. Therefore, based upon our disposition, we conclude that the trial court should reconsider mother's request upon proper motion filed after remand.

Finally, mother's contention that the father and the paternal grandmother are not complying with previous orders of the court, as well as her contention that she has not been provided with reports that have been, or could be, filed with the court are matters that should be presented to the trial court on remand. We may not address issues raised for the first time on appeal. *Moses v. Diocese of Colorado,* 863 P.2d 310 (Colo.1993).

The order is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judge MARQUEZ and Judge BRIGGS concur.