In re the MARRIAGE OF Angela HALL, Petitioner

and

Bradley Hall, Respondent.

No. 10SA161.

Supreme Court of Colorado, En Banc.

Oct. 25, 2010.

Section 14–10–127(1)(a)(I) mandates that "in all proceedings concerning the allocation of parental responsibilities with respect to a child, the court shall upon motion of either party" order a licensed professional to perform an evaluation. By statute and our precedent, potential relocation of a parent requires a trial court to allocate parental decision-making and parenting time. *See* § 14–10–124(1.5)(a)(VIII), C.R.S. (2010); *Spahmer v. Gullette,* 113 P.3d 158, 162 (Colo.2005). Because relocation involves the determination of parental decision-making and parental time, a trial court must order an APR evaluation requested by either party when one party seeks to relocate out of state with the child. Hence, we hold that the trial court failed to comply with the mandatory requirement of section 14–10–127(1)(a)(I), and in so doing, abused its discretion. We now make the rule to show cause absolute and remand the case to the trial court for proceedings consistent with this opinion.

Gradisar, Trechter, Ripperger & Roth, David A. Roth, Pueblo, Colorado, Attorneys for Petitioner.

Ted J. Malouff, Pueblo, Colorado, Attorney for Respondent.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this original proceeding, the petitioner is the wife, and also the mother of a two-year-old son, in a dissolution proceeding pending in the trial court. The trial court denied her request for an allocation of parental responsibilities ("APR") evaluation by a licensed mental health professional under section 14–10–127, C.R.S. (2010). The court reasoned that it could decide the issue of petitioner's out of state relocation with her son without an APR evaluation based upon the appropriate statutory factors and case law. She argued to us that the trial court abused its discretion by refusing to order this evaluation, and we issued a rule to show cause, which we now make absolute.

## II.

In this action for dissolution, the petitioner sought the allocation of parental responsibilities for the parties' young son. The parties, through mediation, agreed to temporary orders and to permanently share parental decision-making responsibilities, but they did not agree on a permanent allocation of parenting time. In mediation, it became apparent that petitioner wanted to move out of state with their son. Petitioner then filed a motion for an evaluation by a licensed mental health professional under section 14–10–127(1)(a)(I). The trial court denied petitioner's motion, stating that it could decide the issue of her relocation with her son without an APR evaluation based upon the appropriate statutory factors and case law.

Petitioner then sought a writ of mandamus. She argued that the trial court abused its discretion because section 14–10–127(1)(a)(I) mandates that in all proceedings concerning the allocation of parental responsibilities, the trial court shall order an evaluation upon motion of either party. We issued an order and rule to show cause.

## III.

█ We first address whether an original proceeding is proper to review the trial court order challenged in this case. This court may exercise original jurisdiction under C.A.R. 21 where a trial court abused its discretion in exercising its functions and appeal is not an adequate remedy. *Todd v. Bear Valley Vill. Apartments*, 980 P.2d 973, 975 (Colo.1999) (citing *Kourlis v. Dist. Court*, 930 P.2d 1329, 1330 n. 1 (Colo.1997)). In this particular case, the allocation of parenting time and the determination of whether petitioner may move out of state with her very young son are important matters that will significantly impact the child's life. *See Spahmer*, 113 P.3d at 163 (noting that the creation and maintenance of a stable family situation for the child are two primary goals of the allocation of parental responsibilities). Under these circumstances, appeal is not an adequate remedy, and we find it appropriate to exercise our original jurisdiction.

## IV.

█ We turn next to the question of whether the trial court abused its discretion when it denied petitioner's motion for an evaluation pursuant to section 14–10–127(1)(a)(I). Petitioner argues as follows: section 14–10–127(1)(a)(I) mandates that the trial court order an APR evaluation upon motion of a party in all determinations of parental responsibilities; and, because the issue of petitioner's proposed relocation is part of the allocation of parental responsibilities, the trial court was obligated to grant her motion. In denying the motion, the trial court ruled that it could decide the issue of petitioner's relocation without an evaluation based upon the case law and statutory fac-

tors for a determination of parenting time. Respondent agrees with the trial court's reasoning and argues two additional grounds: (1) section 14–10–127(1)(a)(I) applies only to determinations of decision-making and parenting time and does not apply to the issue of whether petitioner can relocate with their son; and (2) the trial court properly denied the motion because the parties lack sufficient funds to pay for an evaluation.[1] Upon review, we agree with petitioner that the trial court lacked discretion to deny her motion.

Section 14–10–127(1)(a)(I) provides for an evaluation by a qualified professional upon proper motion of either party in all determinations to allocate parental responsibilities. The statute states in relevant part:

> *In all proceedings concerning the allocation of parental responsibilities with respect to a child, the court shall, upon motion of either party* or upon its own motion, *order . . . a licensed mental health professional . . . to perform an evaluation* and file a written report concerning the disputed issues relating to the allocation of parental responsibilities for the child, unless such motion by either party is made for the purpose of delaying the proceedings.

§ 14–10–127(1)(a)(I) (emphasis added).

We have held, based on the plain language of the statute, that section 14–10–127(1)(a)(I) obligates a trial court presiding over a dispute concerning the allocation of parental responsibilities to order an evaluation on a party's motion absent a finding that it was made for the purpose of delay. *Hernandez v. Dist. Court*, 814 P.2d 379, 381 (Colo.1991). Because the statute is mandatory, a trial court has no discretion to deny a proper motion for evaluation. *Id.*

---

1. We find it unnecessary to address the respondent's second argument. The statute provides that the moving party "shall ... deposit a reasonable sum with the court to pay for the cost of the evaluation" and that the court "may order the reasonable charge for such evaluation and report to be assessed as costs between the parties." § 14–10–127(1)(a)(I). We note that, although raised by respondent, the trial court did not rule on this issue. *See People v. Salazar*, 964 P.2d 502, 507 (Colo.1998) ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on ap-

peal."); *Adams Reload Co. v. Int'l Profit Assocs., Inc.*, 143 P.3d 1056, 1060 (Colo.App.2005) ("Arguments not presented to or ruled on by the trial court cannot be raised for the first time on appeal."). In any event, petitioner stated in her motion that she would pay for the evaluation's initial cost. Therefore, we do not consider this argument. *See Hernandez v. Dist. Court*, 814 P.2d 379, 381 (Colo.1991) (holding that the court has discretion to determine the amount of the deposit and to assess the cost of the evaluation between the parties based on their ability to pay).

By its terms, section 14–10–127(1)(a)(I) applies to "all proceedings concerning the allocation of parental responsibilities." Both our statutes and our precedent dictate that, to allocate parenting time as part of the allocation of parental responsibilities, a court must consider a parent's potential relocation out of state. The General Assembly defines the allocation of parental responsibilities as including the determinations of both parenting time and decision-making responsibilities. § 14–10–124(1.5) ("The court shall determine the allocation of parental responsibilities, including parenting time and decision-making responsibilities, in accordance with the best interests of the child ....."); *see Spahmer*, 113 P.3d at 162 (interpreting the allocation of parental responsibilities to include the determination of parenting time).

Thus, section 14–10–127(1)(a)(I) applies to all disputed cases in which the trial court must allocate parenting time or decision-making responsibility. *See In re Marriage of Kasten*, 814 P.2d 11, 12 (Colo.App. 1991) (concluding that the statute applies to the allocation of parenting time). A court must take into account the "physical proximity of the parties to each other" to allocate parenting time, § 14–10–124(1.5)(a)(VIII), and we consider the potential relocation of a parent to be a fundamental part of a parenting time determination. *See Spahmer*, 113 P.3d at 164 ("[T]he plain language of subsection 14–10–124(1.5) indicates that a trial court must accept the location in which each party intends to live, and allocate parental responsibilities, including parenting time, accordingly. [Thus] we encourage parties ... to submit to the court their proposed plans to move....."). Hence, we conclude that section 14–10–127(1)(a)(I) applies to both the determination of parenting time and the allocation of parental decision-making when a trial court is asked to rule on the intended relocation of one of the parties.

Consequently, because relocation involves the determination of parental decision-making and parental time, a trial court must order an APR evaluation when requested by either party where one party seeks to relocate. The trial court may deny such a motion only if it finds that the motion was made for the purpose of delay.

Applying this holding here, the trial court made no finding of delay, and therefore it abused its discretion when it denied the petitioner's request for an APR evaluation.

## V. Conclusion

For the reasons stated above, we make the rule to show cause absolute, and we remand the case to the trial court for proceedings consistent with this opinion.