In re the PEOPLE of the State
of Colorado, Plaintiff

v.

Spiros Theodore VLASSIS, Defendant.

No. 10SA315.

Supreme Court of Colorado,
En Banc.

Feb. 22, 2011.

Carol Chambers, District Attorney, Eighteenth Judicial District David C. Jones, Senior Deputy District Attorney Centennial, Colorado Attorneys for Plaintiff.

Johnson & Brennan, PLLC, Gail K. Johnson, Eric K. Klein, Boulder, Colorado Attorneys for Defendant.

Chief Justice BENDER delivered the Opinion of the Court.

## I.

In this original proceeding, the prosecution petitioned pursuant to C.A.R. 21 for relief from the trial court's September 23, 2010 order, which required the prosecution to disclose any witness statements included in the prosecution's notes and emails. The trial court ruled that the notes of any prosecutor that record the statements of a witness must be disclosed automatically to the defendant under Crim. P. 16, Part I(a)(1)(I), irrespective of the notes' exculpatory information. We issued a rule to show cause why the trial court's discovery order should not be vacated. Because the trial court erred in concluding that all witness statements included in the prosecution's notes and emails must be disclosed automatically under Crim. P. 16, Part I(a)(1)(I), we now make the rule absolute.

## II.

A jury found Spiros Vlassis guilty of second-degree kidnapping, sexual assault, and assault in the third degree in 2002. The defendant's convictions were vacated in 2010 pursuant to Crim. P. 35(c), and a new trial was set for October 2010. In the interim, some members of the prosecution and law enforcement personnel who were involved in the case changed, and the prosecution changed its email server.

In preparing for the second trial, the defense requested discovery of the handwritten notes of the prosecution containing witness statements and email communications between the prosecution's office with witnesses and friends and family members of witnesses. During a motions hearing on the discovery request, the trial court noted that under *People v. District Court*, 790 P.2d 332 (Colo.1990), it could order this disclosure based on its discretion.

After the motions hearing, the trial court issued a written order on September 23, 2010. The trial court ruled that Crim. P. 16, Part I(a)(1)(I) requires that "any statement of a witness, written or oral, must be disclosed to the defendant," and that implicit in this rule is the requirement "that the notes of any police officer or prosecutor recording the statements of a witness must automatically be disclosed to the defendant without request." The trial court further stated that "[t]his disclosure obligation is separate and distinct from the prosecution's obligation to automatically disclose exculpatory evidence.... Witness statements may or may not be exculpatory, but are nonetheless automatically disclosed under Rule 16, Part I(a)(1)(I)." The trial court ruled that the prosecution is not required to disclose the statements or anticipated testimony of a police officer, the prosecution's work product, or administrative communications with witnesses. Therefore, the trial court ordered the prosecution to "diligently search" its files and email server for "any notes of witness statements provided directly to prosecutors, or provided to the police or investigators and then to the prosecutors, which may be in written or electronic form" and to disclose those statements to the defendant.[1] The trial court stated that it would conduct an in camera review if there was any question regarding the distinction between prosecution work product and discoverable notes. The prosecution now seeks relief from this order pursuant to C.A.R. 21.

## III.

We first address whether an original proceeding is proper to review the trial court order challenged by the prosecution. This court may exercise original jurisdiction under C.A.R. 21 where a trial court proceeds without or in excess of its jurisdiction or to review a serious abuse of trial court discretion and where an appeal would not be an adequate remedy. *In re Marriage of Hall*, 241 P.3d 540, 542 (Colo.2010); *Dist. Court*, 790 P.2d at 335. Here, the prosecution cannot seek an interlocutory appeal of the trial court discovery order. *See* C.A.R. 4.1(a).

---

1. The trial court also ordered the prosecution to disclose witness statements included in the notes of any police officers involved in this case. However, the prosecution has not asked for relief from this portion of the trial court's order.

The prosecution argues that appeal would not be an adequate remedy because it would be rendered moot by compliance and that this erroneous discovery order is capable of repetition. Given the unique factual circumstances of this case, including the delay and change of personnel between the original trial and now, an erroneous discovery order could place an unnecessary burden on the prosecution that is not mandated by the rules. Under these circumstances, we conclude that it is appropriate to exercise our original jurisdiction.

### IV.

■■■ Turning next to the mandatory disclosure requirements under Crim. P. 16, the prosecution must automatically disclose to the defense the "[p]olice, arrest and crime or offense reports, including statements of all witnesses." Crim. P. 16, Part I(a)(1)(I). In *District Court*, we held that "witness statements in or associated with police reports, arrest reports, crime reports and offense reports" fall within the scope of this rule. 790 P.2d at 337. However, "[w]itness statements included in a prosecutor's notes fall outside the specifically enumerated categories, and thus are not automatically discoverable under Crim.P.16(I)(a)(1)." *Id.* This is because the notes of a prosecuting attorney or members of her staff "ordinarily are considered non-discoverable work product because they are prepared in anticipation of litigation." *Id.* at 335.

There are two other ways a defendant may obtain witness statements included in a prosecutor's notes. First, these statements are automatically discoverable if they are exculpatory, under Crim. P. 16, Part I(a)(2). *Id.* at 337. Second, relevant information may be discoverable as a matter of trial court discretion under Crim. P. 16, Part I(d)(1) upon a showing by the defense that the request is reasonable. *Id.* at 338. To make this showing under Crim. P. 16, Part I(d)(1), the defense must demonstrate that the information sought is: (1) relevant to the conduct of the defense, and (2) unavailable from any source other than the prosecution. *Id.*

Here, the trial court's ruling, that the statements of any witness included in the prosecution's notes and emails must be disclosed automatically to the defendant, is contrary to our holding in *District Court.* If there is exculpatory information included in the prosecution's notes or emails, then this must be disclosed to the defense pursuant to Crim. P. 16, Part I(a)(2). Additionally, if the trial court determines in its discretion that information included in the prosecution's notes or emails is relevant, unavailable from any other source, and that the defense request is reasonable, it may order disclosure by the prosecution under Crim. P. 16, Part I(d)(1). However, witness statements included in the prosecution's notes and emails are not automatically discoverable under Crim. P. 16, Part I(a)(1)(I). Hence, we reverse the trial court's order requiring the prosecution to disclose any witness statements contained in its notes or emails pursuant to Crim. P. 16, Part I(a)(1)(I).

### V.

For the reasons stated, we make the rule to show cause absolute and remand the case to the trial court for proceedings consistent with this opinion.

Justice MÁRQUEZ does not participate.