24CA1538 Parental Resp Conc RJAD 05-15-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1538
Montezuma County District Court No. 23DR73
Honorable Todd Jay Plewe, Judge

In re the Parental Responsibilities Concerning R.J.A.D., a Child,

and Concerning Aaron Marcus Ivan Druck,

Appellant,

and

Kathryn H. Kirkland,

Appellee.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LIPINSKY
Johnson and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

Ciancio Ciancio Brown, P.C., Banafsheh Lari, Denver, Colorado, for Appellant

Anne Whalen Gill, LLC, Anne Whalen Gill, Castle Rock, Colorado, for Appellee

¶ 1     Aaron Marcus Ivan Druck (father) appeals from the district court's order partially denying his motion to modify parenting time as to his child with Kathryn H. Kirkland (mother). We reverse and remand the case for further proceedings.

## I. Background

¶ 2     In December 2023, the court entered permanent orders allocating parental responsibilities for the parties' then-two-year-old child. Given mother's desire to relocate to Seattle, the court implemented a two-part parenting plan. Under the first part of the plan, applicable until the child started kindergarten, the child would reside in southwestern Colorado, where both parties lived at the time of the permanent orders. During that time, the parenting time schedule would consist of alternating five-day blocks of parenting time for mother and four-day blocks of parenting time for father. Under the second part of the plan, beginning in June 2027, mother would be permitted to relocate with the child to Seattle, at which time a new parenting time schedule would apply.

¶ 3     Father moved to modify parenting time four months after the court entered the permanent orders. In support, he asserted that mother had recently returned to full-time employment, and

1

accordingly, the child was spending significant time with third-party childcare providers. Father alleged that, under the circumstances, it would be in the child's best interests to spend more time with him and asked the court for an equal parenting time schedule or, alternatively, for a right of first refusal when mother could not care for the child.

¶ 4    Without holding a hearing, the court entered a written order denying father's request for equal parenting time, although the court set a hearing on his request for a right of first refusal. Following that hearing, the court also denied the portion of father's motion seeking a right of first refusal.

## II.    Discussion

¶ 5    Father contends that the court applied the wrong legal standard when it denied, without a hearing, the portion of his motion requesting equal parenting time. We agree.

### A.    Standard of Review

¶ 6    We review a district court's decision whether to modify parenting time for an abuse of discretion. *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 13, 521 P.3d 1025, 1030. The court abuses its discretion when its decision is

manifestly arbitrary, unreasonable, or unfair, or is based on a misunderstanding or misapplication of the law. *In re Marriage of Bergeson-Flanders*, 2022 COA 18, ¶ 10, 508 P.3d 1083, 1085. Whether the court properly applied the correct legal standard in ruling on a motion to modify parenting time is a question of statutory interpretation that we review de novo. *In re Marriage of Schlundt*, 2021 COA 58, ¶ 25, 489 P.3d 781, 786; *In re Parental Responsibilities Concerning B.R.D.*, 2012 COA 63, ¶ 15, 280 P.3d 78, 81-82.

### B. Modification of Parenting Time

¶ 7 Father argues that his request for equal parenting time was subject to the best interests of the child standard under section 14-10-129(1)(a)(I), C.R.S. 2024. Therefore, he asserts that, by applying the endangerment standard under section 14-10-129(2), the court improperly denied his request without a hearing. We agree.

¶ 8 Section 14-10-129(1)(a)(I) provides that, with certain exceptions, a court may modify parenting time when doing so "would serve the best interests of the child." Section 14-10-129(2) specifies the circumstances in which a court may "modify a prior

3

order concerning parenting time that substantially changes the parenting time as well as changes the party with whom the child resides a majority of the time." When section 14-10-129(2) applies, a court may not modify parenting time unless it determines, as relevant here, that the child's environment "endangers the child's physical health or significantly impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." § 14-10-129(2)(d); *see also In re Marriage of Newell*, 192 P.3d 529, 533 (Colo. App. 2008) (summarizing the two standards).

¶ 9 The court held that the endangerment standard under section 14-10-129(2) applied to father's request for equal parenting time, reasoning that "[c]hanging the current parenting time schedule to a 50/50 parenting time schedule would result in both parents becoming the primary parent," which the court concluded, quoting section 14-10-129(2), would change "the party with whom the child resides . . . a majority of the time."

¶ 10 Even assuming, without deciding, that a shift from father having approximately 44 percent of the parenting time to 50 percent of the parenting time constitutes a substantial change, we conclude

that the court erred because equal parenting time would not "change[] the party with whom the child resides a majority of the time." § 14-10-129(2).

¶ 11 Specifically, father did not seek to change the majority-time parent from mother to him, meaning that his proposed change would not have replaced mother with him. And the governing phrase in section 14-10-129(2) — "changes the party" — contemplates substituting the party with whom the child resides a majority of the time and does not apply to a modification resulting in an equal split of parenting time. *See also Newell*, 192 P.3d at 533 (holding that section 14-10-129(2) was inapplicable where the "parenting time proposed . . . would not have resulted in the child's residing with father, rather than mother, a majority of the time"). Thus, father's request for equal parenting time was not subject to the endangerment standard under section 14-10-129(2), and the court erroneously denied the portion of his motion seeking equal parenting time on that basis.

¶ 12 Mother contends that, even if the court incorrectly applied the endangerment standard instead of the best interests standard, we should nevertheless affirm because any error was harmless. *See*

C.A.R. 35(c) (defining harmless error as "any error or defect not affecting the substantial rights of the parties"). But we are not convinced the court's error was harmless given that it denied father a hearing based on its application of the incorrect standard.

¶ 13    To receive a hearing on a motion to modify parenting time, the moving party must establish adequate cause that the modification is in the child's best interests. *See* § 14-10-132, C.R.S. 2024; *In re Marriage of Jones*, 703 P.2d 1328, 1329 (Colo. App. 1985); *In re Marriage of Davis*, 602 P.2d 904, 905 (Colo. App. 1979). The threshold for adequate cause is not high. For example, the moving party can meet the threshold solely by alleging a general lack of parental cooperation. *In Interest of D.R.V-A.*, 976 P.2d 881, 883 (Colo. App. 1999). However, the motion must comply with C.R.C.P. 7(b)(1) by identifying with particularity the grounds on which the motion is based. *See In re Marriage of Wollert*, 2020 CO 47, ¶ 28, 464 P.3d 703, 710-11 (recognizing that the particularity required by C.R.C.P. 7(b)(1) is not "an especially demanding standard" but is one designed to give notice of the grounds in support of relief).

¶ 14    In his verified motion to modify parenting time, father alleged that it would be in the child's best interests to spend more time

with him instead of with third-party childcare providers, given mother's recent return to full-time employment. While mother suggests that the recently issued permanent orders had already anticipated her return to full-time employment when allocating parenting time, we cannot locate any place in the permanent orders supporting such an assertion.

¶ 15 Because father alleged adequate cause for modifying parenting time in the child's best interests, we cannot say that the court's error in denying father's request for equal parenting time without a hearing was harmless. *See* § 14-10-132; *Jones*, 703 P.2d at 1328-30 (holding that adequate cause is established by showing that, based upon facts arising after the decree, a change in the child's circumstances has occurred, possibly requiring modification to serve the child's best interest); *see also In re Marriage of Finer*, 893 P.2d 1381, 1388 (Colo. App. 1995) (noting that determining best interests "cannot be accomplished without a hearing"); *D.R.V-A.*, 976 P.2d at 883-84 (concluding that the district court erred by continuing to deny a hearing on a parent's requests to modify parenting time).

¶ 16     Given our reversal of the court's decision not to set a hearing on father's request for equal parenting time, we do not consider father's due process claim or other contentions.  And in remanding this case for a hearing on father's request for equal parenting time under section 14-10-132, we express no opinion as to the merits of father's request.

## III.   Appellate Attorney Fees

¶ 17     Mother requests an award of her appellate attorney fees under section 19-4-117, C.R.S. 2024, which governs the allocation of attorney fees and costs under the Uniform Parentage Act.  But father initiated and maintained this allocation of parental responsibilities proceeding under the Uniform Dissolution of Marriage Act, § 14-10-123, C.R.S. 2024, and the Uniform Parentage Act has at no time been applied to this case.  Accordingly, we deny mother's request for appellate attorney fees because she has failed to identify a legal basis for such an award.  *See* C.A.R. 39.1 (requiring the party seeking appellate attorney fees to "explain the legal and factual basis" for an award).

## IV.  Disposition

¶ 18    Those portions of the order denying father's request for equal parenting time are reversed, and the case is remanded for further proceedings consistent with this opinion.  Those portions of the order not challenged on appeal remain undisturbed.

JUDGE JOHNSON and JUDGE MOULTRIE concur.