24CA1671 Marriage of McCandless 05-29-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1671
El Paso County District Court No. 23DR30103
Honorable Amanda J. Philipps, Judge

In re the Marriage of

Danielle Evangeline McCandless,

Appellee,

and

Michael Ray McCandless,

Appellant.

ORDERS AFFIRMED

Division VI
Opinion by JUDGE SCHUTZ
Welling and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

The Burnham Law Firm, P.C., Brian D. Teed, Centennial, Colorado, for
Appellee

Robinson & Henry, P.C., Mark J. Galler, Highlands Ranch, Colorado, for
Appellant

¶ 1     In this post-decree dissolution of marriage case between Michael Ray McCandless (father) and Danielle Evangeline McCandless (mother), father appeals the district court's orders denying his motion to modify parenting time and child support and his motion to appoint a child and family investigator (CFI). We affirm.

## I.     Relevant Facts

¶ 2     In October 2023, the court dissolved the parties' marriage and entered permanent orders.

¶ 3     Concerning the allocation of parental responsibilities for the parties' child, mother informed the court that she was moving to New York in the summer of 2024, and she asked the court to allocate to her primary parenting time. Father, however, believed that the child should remain with him in Colorado. After a thorough analysis of the child's best interests, the court allocated primary parenting time to mother, allowing the child to move with her to New York. Recognizing that mother's move would not be immediate, the court directed the parties to exercise equal parenting time while mother remained in Colorado. And it ordered that, "[s]tarting in the summer of 2024 when [mother] moves to New

York" and going forward, father will exercise parenting time during the summer and other extended school breaks.

¶ 4    In July 2024, father filed a motion to modify parenting time and child support. He asked the court to allocate to him primary parenting time, allowing the child to stay in Colorado, and recalculate child support based on the changed parenting time schedule. He also filed a motion for the appointment of a CFI to investigate and make recommendations on modifying parenting time. The court denied the motions without a hearing.

## II.    Request to Modify Parenting Time

¶ 5    Father contends that the district court erred by denying his request to modify parenting time without a hearing. We disagree.

¶ 6    A parent seeking a substantial modification of parenting time that also changes the parent with whom the child primarily resides must show that based on "facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree," there has been a change in circumstances and a modification is necessary to serve the child's best interests. § 14-10-129(2), C.R.S. 2024; *see In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 14. The court must deny a

motion to modify parenting time without a hearing unless the motion and supporting affidavit(s) present sufficient facts to establish an adequate basis for modification under the applicable legal standard. *See* § 14-10-132, C.R.S. 2024; *In re Marriage of Jones*, 703 P.2d 1328, 1329 (Colo. App. 1985).

¶ 7 The court has broad discretion when determining whether to modify a parenting time order, and we must exercise every presumption in favor of affirming its ruling. *S.Z.S.*, ¶ 13. We will not disturb the court's decision absent a showing that it misapplied the law or that its decision was manifestly arbitrary, unreasonable, or unfair. *In re Marriage of Collins*, 2023 COA 116M, ¶ 8.

¶ 8 Father's request to modify parenting time focused on mother moving to New York with the child, and he argued that this move would deprive the child of parenting time with father. He alleged that, since the court entered its permanent orders, the child had strengthened his connections to friends and the community in Colorado, was thriving, and did not have a relationship with anyone in New York. He also criticized mother's parenting and actions around the child.

¶ 9    The court found, however, that father did not present any facts or circumstances that were not known and considered by the court when it determined the previous allocation of parenting time in 2023.  Indeed, when determining that allocation, the court analyzed mother's anticipated move to New York, the child's relationships and connections to others within the two communities, and the purported concerns over the parents' parenting time.  *See* § 14-10-124(1.5)(a), C.R.S. 2024; *see also* § 14-10-129(2)(c).  After a thorough analysis of these circumstances, the court determined that the child could move with mother to New York.  *See Spahmer v. Gullette*, 113 P.3d 158, 164 (Colo. 2005) ("[I]n the initial determination of parental responsibilities, . . . a [district] court must accept the location in which each party intends to live, and allocate parental responsibilities, including parenting time, accordingly.").  While father desired to have the child remain in Colorado, his motion to modify merely reargued his purported reasons for an allocation of parenting time in his favor.  The court already considered those circumstances when determining its permanent orders, and father's motion did not establish any change

4

since that ruling that warranted modifying parenting time. *See* § 14-10-132; *see also Jones*, 703 P.2d at 1329.

¶ 10    Still, father argues that without a hearing on the motion, the court violated his due process rights. To be sure, due process requires that a party be provided with a meaningful opportunity to be heard. *In re Marriage of Hatton*, 160 P.3d 326, 329 (Colo. App. 2007). But due process is flexible, calling for the procedural protections that a particular situation requires, and a written motion is often sufficient to afford a party with a meaningful opportunity to be heard. *See Van Sickle v. Boyes*, 797 P.2d 1267, 1273 (Colo. 1990); *BFN-Greeley, LLC v. Adair Grp., Inc.*, 141 P.3d 937, 942 (Colo. App. 2006); *see also* C.R.C.P. 121, § 1-15(4) (giving the court discretion over whether to set a hearing on a motion).

¶ 11    Father had an adequate opportunity to present facts and arguments in support of his request for the child to remain with him in Colorado. At the permanent orders hearing, father was aware of mother's request to relocate with the child, and he was able to present evidence concerning his desired allocation of parenting time. Then, to the extent there was any change in circumstances after the court's permanent orders, father was able

to present such a factual basis in his motion to modify. But as the court found, father did not do so. *See* § 14-10-132; *see also Jones*, 703 P.2d at 1329. The court therefore did not violate father's due process rights by not holding a hearing on his motion to modify.

¶ 12 Father also argues that by denying his motion, the court "affirmed the notion created from the Final Orders that gave [mother] an indefinite timeline to move" to New York with the child. However, this argument appears to be nothing more than an untimely attempt to appeal the court's allocation of parenting time in the October 2023 permanent orders. *See* C.A.R. 4(a)(1) (requiring a party to appeal a final order within forty-nine days); *see also In re Marriage of Tognoni*, 313 P.3d 655, 658 (Colo. App. 2011) (noting that a timely appeal from a court's later orders does not permit appellate review of the court's previous final judgment). The time for father to appeal that judgment has passed. *See Karr v. Williams*, 50 P.3d 910, 912 (Colo. 2002) (recognizing that a judgment not timely appealed is final and binding); *see also In re Marriage of James*, 2023 COA 51, ¶ 8 ("The timely filing of a notice of appeal is a jurisdictional prerequisite for appellate review.").

¶ 13    The court therefore acted within its discretion by denying father's motion to modify parenting time without a hearing.

### III.    Requests to Modify Child Support and Appoint a CFI

¶ 14    Father also generally asserts that the court erred by denying his requests to modify child support and appoint a CFI. As best we understand his contention, he suggests that because the court erred by denying his motion to modify parenting time, these additional rulings, which relied on that order, must also be reversed. Given that we affirm the court's denial of father's motion to modify parenting time, we necessarily reject father's challenge to these additional rulings.

### IV.    Subject Matter Jurisdiction

¶ 15    Finally, father argues that the district court "lacked subject matter jurisdiction to grant [mother] an unlimited timeline to move" to New York in its "Final Orders when [mother] failed to file a motion to relocate." We are unpersuaded.

¶ 16    Subject matter jurisdiction is the court's authority to deal with the class of cases which the sovereign has authorized it to hear. *See In re Marriage of Thorburn*, 2022 COA 80, ¶ 15. The Colorado Constitution vests the district court with general subject matter

jurisdiction to preside over civil cases, including dissolution of marriage proceedings. *See* Colo. Const. art. VI, § 9; *Thorburn*, ¶¶ 15-16.

¶ 17 Defects in a court's subject matter jurisdiction may be raised at any time. *See In re Marriage of Mallon*, 956 P.2d 642, 645 (Colo. App. 1998). However, beyond his general assertion, father does not direct us to any legal authority suggesting that the court lacked subject matter jurisdiction to rule on the allocation of parenting time or deny father's motions. *See Thorburn*, ¶ 15 (recognizing that a limitation to the district court's general subject matter jurisdiction must be explicit); *cf. In re Marriage of Stroud*, 631 P.2d 168, 172 n.8 (Colo. 1981) ("Whether the record supports the trial court's findings and conclusions, and whether those findings and conclusions in turn support the relief allowed, are matters for appeal, not matters going to the jurisdiction of the court."). We therefore will not further review father's conclusory assertion that the district court lacked subject matter jurisdiction to deny his motions. *See S.Z.S.*, ¶ 29 (declining to address an undeveloped argument).

## V. Disposition

¶ 18 The orders are affirmed.

JUDGE WELLING and JUDGE KUHN concur.